**People of the State of Illinois, Plaintiff-Appellee, v. Le Roy Robinson, Otherwise Called Robert Payne, Otherwise Called LeRoy Robinson, Defendant-Appellant.**

Gen. No. 51,802.

First District, Fourth Division.

September 6, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CRIME CHARGED
Burglary. (Ill Rev Stats (1965), c 38, § 19–1.)

JUDGMENT
After a jury trial, defendant was found guilty and sentenced to a term of 6 to 15 years.

## Contention on Appeal

The admission into evidence of testimony concerning another crime was prejudicial error.

## Evidence

*Margaret Woods Martin,* for the State.

Her house in Winnetka, Illinois was burglarized between 8:45 a. m. and 11:45 a. m. on March 28, 1966. A number of articles (watches, wallet, clothing, etc.), which were found in defendant's possession when he was arrested, were identified by her as things which had been stolen from her home. Included was a jacket with a label bearing her husband's name.

*Herbert Timm,* for the State.

He was a Winnetka police officer. While on duty, at about 11:00 a. m. on March 28, he saw a "black over white" 1963 Buick convertible. He had an "inscription" in his car relating to that car's license number. He checked the license number against his "worksheet" three times; it was a "wanted car."

He stopped the Buick and informed defendant, who was its sole occupant, that the car he was operating had been stolen. The officer then looked in the rear window of the Buick and saw the car was "piled" with articles of clothing. He then searched the auto and found numerous articles of personal property, many of which were identified by Mrs. Martin as items taken from her home. The watches were on the front seat of the car and the wallet was in defendant's rear pocket.

## Opinion

Defendant's sole contention on appeal is that it was error for the police officer to have been allowed to testify that the Buick had been stolen; that this was evidence of a separate and distinct crime from the one charged against defendant and, as such, was inadmissible and highly prejudicial; citing People v. Wilson, 400 Ill 461,

287

481, 81 NE2d 211; People v. Gawlick, 350 Ill 359, 183 NE 217, and other similar cases stating that general rule.

In considering defendant's argument, we have examined the abstract and can find no hint that defendant made any objection to the testimony at the time it was given, or that he brought the alleged error to the attention of the court at any other stage in the proceedings. Therefore, it is discretionary as to whether we choose to notice this as a "plain error." Supreme Court Rule 615 (a), Ill Rev Stats (1967), c 110A, § 615(a). Further, from our study of the case as a whole, we conclude that the admission of this testimony did not constitute error at all.

█ Where burglary is proved to have been committed, the finding of the defendant soon thereafter, in unexplained, exclusive possession of items taken in the burglary, is sufficient to raise an inference that he had committed the burglary. People v. Mallett, 30 Ill2d 136, 195 NE2d 687; People v. Reynolds, 27 Ill2d 523, 190 NE2d 301. It was through Officer Timm's testimony that the State sought to establish that defendant was in possession of the stolen property under those circumstances. Thus, his testimony was relevant and material to prove defendant's identity as the perpetrator of the crime.

█ While we agree with defendant that, generally, evidence of the commission of other crimes by the accused is inadmissible (Farris v. People, 129 Ill 521, 21 NE 821), testimony laying a basis for identification is not excludable because of incidental disclosure of another offense. People v. Diekelmann, 367 Ill 372, 11 NE2d 420; People v. Davis, 14 Ill2d 196, 151 NE2d 308. It was permissible for Officer Timm to explain the circumstances surrounding defendant's arrest, and to testify that he had stopped defendant when he recognized the Buick as

stolen, as this tended to bolster his credibility. Cf. Lane v. Warden, Maryland Penitentiary, 320 F2d 179. Furthermore, it was part of a continuing narrative. People v. Walls, 33 Ill2d 394, 211 NE2d 699.

■ It is only where the commission of another offense has no connection with or relation to the prosecution of the crime charged and only creates a prejudice against defendant, that its proof renders the trial unfair. People v. Klein, 305 Ill 141, 137 NE 145; People v. Booker, 34 Ill2d 16, 19, 213 NE2d 542. We find that defendant did receive a fair trial and that the questioned testimony was properly admitted.

DECISION

The judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.