THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL SPIEZIO *et al.*, Defendants-Appellants.

Second District    Nos. 80-603, 80-604 cons.

Opinion filed April 13, 1982.

Mary Robinson, of State Appellate Defender's Office, of Elgin, and Robert E. Davison, of State Appellate Defender's Office, of Springfield, for appellants.

Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Defendants, Michael and Vito Spiezio, were jointly tried by jury and convicted of burglary, and they were thereafter sentenced to 7 and 14 year terms of imprisonment respectively. The primary issue which we consider on their consolidated appeal is whether the admission in evidence of unrelated criminal conduct by defendants requires a new trial.

Defendants were charged together with David Fritz with the burglary of a residence owned by Donald Lazar who testified his home had been broken into between January 10 and 17, 1979, and some of his personal property had been stolen. Officer Nick Nickeas testified he and seven other officers were conducting a surveillance of defendants on January 11 and saw Michael Spiezio exit a vehicle, walk toward the Lazar residence and then return from the area of the residence to the vehicle. Among the other occupants of the vehicle were David Fritz and Vito Spiezio. Officer Nickeas further testified that on January 15 surveillance

of defendants had resumed and he subsequently placed Michael Spiezio under arrest for auto theft and later arrested Vito Spiezio in a motel room, in which both defendants had been residing, where he was found in bed with a woman who did not share his surname. The officer testified that he searched defendant's pants pocket and found a set of keys to the stolen vehicle and also that jewelry was found in the motel room which Donald Lazar identified as property taken from his residence in the burglary.

David Fritz, who had pleaded guilty to the burglary and was sentenced to probation, testified he and the Spiezios had burglarized the Lazar residence on January 11. He stated Michael initially checked out the target home, while he and Vito waited in their car, and they thereafter left the area. A few hours later they returned, broke a window with the barrel of a pistol, again left and then later returned to enter the home and remove certain property. The witness was impeached by his guilty plea in this case, two drug-related convictions in 1975 and an agreement with the Lake County state's attorney's office whereby another burglary charge against him would be dropped. There was also a pending charge against Fritz in Cook County, but the trial court declined to allow defendants to cross-examine him with respect to that charge.

Defendants sought to call their sister to testify in trial as an alibi witness, but she was not present in court. Defense counsel learned she had apparently gone to a hospital and moved for a continuance, stating the witness would testify she was with defendants during the day and evening of January 11. The continuance was denied. Michael Spiezio then testified that he and Vito had been with their sister at the time David Fritz had stated the burglary was committed and that Fritz had given them some property taken from Lazar's residence in payment of a debt.

We consider first whether defendants were denied a fair trial by the introduction of evidence linking them to the unrelated theft of a motor vehicle.

■■ Evidence of collateral crimes for which an accused is not on trial is inadmissible if relevant merely to establish propensity to commit criminal acts. (*People v. Romero* (1977), 66 Ill. 2d 325, 330, 362 N.E.2d 288, 290; *People v. Harris* (1980), 91 Ill. App. 3d 112, 114, 414 N.E.2d 755, 757.) The rationale for this rule is that such evidence overpersuades the trier of fact, which is likely to convict the defendant merely because of feelings he is a bad person deserving punishment rather than on the basis of facts related to the offense for which he is on trial. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 137, 402 N.E.2d 238, 242; *People v. Martinez* (1980), 86 Ill. App. 3d 486, 490, 408 N.E.2d 358, 361.) Well-recognized exceptions to the rule exist, and other-crimes evidence will be admitted if relevant to demonstrate knowledge, intent, motive, design, plan, identification or *modus operandi*. (*E.g., People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343

N.E.2d 489, 492-93.) Such evidence will not be admitted, however, if the grounds for establishing its relevance are speculative. *People v. Lindgren* (1980), 79 Ill. 2d 129, 140, 402 N.E.2d 238, 244.

While the trial court instructed the jury in the present case it should consider the other-crimes evidence for purposes relating to identification and the presence of defendants, the State does not suggest what relevance the evidence had to these issues in this case. There was no showing the stolen automobile was used in the commission of the burglary nor were the proceeds from it found in the vehicle. Instead, the record reflects the offenses were totally separate in execution and would not therefore support admission of the collateral offense evidence and the instruction at trial on these grounds. This is especially true because defendants could have been placed at the scene of the burglary, and were by Fritz' testimony, without reference to the unrelated car theft. See *People v. Lindgren* (1980), 79 Ill. 2d 129, 139-40, 402 N.E.2d 238, 243; *People v. Carlson* (1981), 98 Ill. App. 3d 873, 876, 424 N.E.2d 968, 971; see also *People v. Copeland* (1978), 66 Ill. App. 3d 556, 384 N.E.2d 391.

The State suggests an additional exception to the rule excluding other-crimes evidence applies where evidence of another crime is offered as part of a narrative of a defendant's arrest to impart meaning to an otherwise unexplained appearance by police. (See *People v. Davis* (1981), 93 Ill. App. 3d 187, 416 N.E.2d 1179; *People v. Schubert* (1975), 28 Ill. App. 3d 599, 329 N.E.2d 23; *People v. Bolton* (1974), 18 Ill. App. 3d 512, 310 N.E.2d 22, *appeal denied* (1974), 56 Ill. 2d 588; *People v. Robinson* (1968), 98 Ill. App. 2d 285, 240 N.E.2d 397.) The State argues defendants' arrests for burglary would otherwise appear fortuitous, thereby confusing the jury, and it was properly allowed to show the motor vehicle theft as justification for the arrests which ultimately uncovered proceeds of the burglary. Defendants reply that possible jury confusion cannot alone justify admitting otherwise improper evidence, especially when the court could merely have instructed it not to speculate as to the reasons for defendants' arrests.

We consider the vitality of the narrative of arrest exception under the circumstances of this case to be questionable in light of *People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238. There the supreme court narrowed the scope of the exception relating to continuing narratives of crime to require that the other crime not be "a distinct crime undertaken for different reasons at a different place at a separate time." (79 Ill. 2d 129, 140, 402 N.E.2d 238, 243.) Even prior to *Lindgren*, the courts of this State did not apply a narrative of arrest exception where the other crime was one which was wholly unrelated to the offense for which the accused was on trial. (See *People v. Connors* (1980), 82 Ill. App. 3d 312, 402 N.E.2d 773; *People v. Miller* (1975), 31 Ill. App. 3d 115, 333 N.E.2d 264, *appeal*

*denied* (1975), 61 Ill. 2d 599; *People v. Jenkins* (1973), 10 Ill. App. 3d 166, 294 N.E.2d 24.) *People v. Davis* (1981), 93 Ill. App. 3d 187, upon which the State relies, also states the exception applies only when the investigatory procedures involve an integral part of the narrative of an arrest and did not then permit details of the collateral offense to be introduced (93 Ill. App. 3d 187, 191-92, 416 N.E.2d 1179, 1182).

■■ In this case there was no showing made that the matter of the stolen vehicle was anything but a separate crime undertaken at a different place and time not related to the burglary for which defendants were being tried; it was, therefore, irrelevant. We find it was error for the trial court to have admitted this evidence in the joint trial of defendants.

■■ The erroneous admission of evidence of other crimes carries a substantial risk of prejudice and ordinarily calls for reversal. (*E.g., People v. Lindgren* (1980), 79 Ill. 2d 129, 140, 402 N.E.2d 238, 244.) In this case defendants' conviction must be overturned unless the record affirmatively shows the error was not prejudicial (see *People v. Stadtman* (1974), 59 Ill. 2d 229, 319 N.E.2d 813), the test being whether the properly admitted evidence is so overwhelming that no fairminded jury could have voted for acquittal (*People v. Lindgren* (1980), 79 Ill. 2d 129, 141, 402 N.E.2d 238, 244; *People v. Tranowski* (1960), 20 Ill. 2d 11, 17, 169 N.E.2d 347, 350, *cert. denied* (1960), 364 U.S. 923, 5 L. Ed. 2d 262, 81 S. Ct. 290). Here, as in *Lindgren*, the credibility of the witnesses as viewed by the jury was of crucial importance. The only occurrence witness, Fritz, had been originally charged as defendants' accomplice and received leniency in his plea negotiations with the State. Moreover, the defense sought to place sole blame for the burglary upon Fritz. We conclude that the references to the other crime made in this joint trial were not harmless and defendants must be given a new trial.

We will also address other claimed errors which might arise on retrial.

■■■ Officer Nickeas testified that when Vito Spiezio was arrested he was in bed with a woman who was not his wife. We see no relevance in this evidence apart from an attempt to suggest defendant was lacking in moral character and upon timely request the court should exclude it. (See *People v. Butler* (1974), 58 Ill. 2d 45, 317 N.E.2d 35.) Additionally, repeated references were made to defendants' having been under surveillance by police; this too might suggest they were suspected of unlawful activity and could be as damaging as the more specific references to the stolen vehicle. These potentially prejudicial characterizations of defendants' conduct and morality should be excluded. (See *People v. Wade* (1977), 51 Ill. App. 3d 721, 366 N.E.2d 528, *appeal denied* (1977), 66 Ill. 2d 641.) However, defendants' argument that Fritz must not be permitted to testify the burglary was committed by breaking a window with a gun

barrel is without merit. This fact is relevant to the issue of the method of entry and is properly admissible.

We need not now consider the other claims of error asserted by defendants as the judgments must be reversed as to each defendant and the causes remanded for a new trial.

Reversed and remanded.

HOPF and UNVERZAGT, JJ., concur.