(No. 63208.—▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. CHARLES ARNHOLD, Appellant.

*Opinion filed January 30, 1987.*

Carponelli, Krug & Adamski, of Wheaton (Charmaine Tellefsen and Stephen P. Carponelli, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Roma J. Stewart, Solicitor General, of Springfield (Sally L. Dilgart, Assistant Attorney General, of Chicago), for the People.

JUSTICE RYAN delivered the opinion of the court:

Defendant, Charles Arnhold, was found guilty of aggravated kidnaping and conspiracy to commit theft after a jury trial in the circuit court of Du Page County. Defendant appealed, arguing that he was denied his right to a speedy trial. The appellate court affirmed the conviction, with one justice dissenting (140 Ill. App. 3d 840), and we granted defendant's petition for leave to appeal.

The sole issue raised on appeal is whether defendant was denied his statutory right to a speedy trial (Ill. Rev. Stat. 1979, ch. 38, par. 103–5). Defendant was arrested on charges of aggravated kidnaping and conspiracy to commit theft on June 3, 1980. He posted bond and was released on July 18, 1980. Defendant was then arrested on unrelated charges on July 24, 1980, and he withdrew his bond for the kidnaping and conspiracy charges on August 21, 1980. Defendant filed several pretrial mo-

tions on October 15, 1980, which tolled the speedy-trial term. He then filed a motion to dismiss the charges based on the violation of his right to a speedy trial. The motion was argued and denied prior to trial.

The speedy-trial statute provides in part as follows:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant ***.

(b) Every person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***.

* * *

(e) If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried, or adjudged guilty after waiver of trial, upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by sub-paragraphs (a) and (b) of this Section." Ill. Rev. Stat. 1979, ch. 38, pars. 103—5(a), (b), (e).

The appellate court identified three distinct periods of time that are relevant to computing defendant's term of incarceration. They are: "(1) the period from defendant's initial arrest on June 3 to his bonding out on July 18; (2) the period from defendant's July 24 arrest on unrelated charges to his withdrawal of his bond for the initial charges on August 21; and (3) the period from defendant's withdrawal of his bond to his October 15 filing of his motions." (140 Ill. App. 3d 840, 841-42.) The appellate court concluded that, even though defendant was incarcerated during the second time period, he was not in custody on the initial charges during that time because he had posted bond. The court then held that since the combined total of the first and third time periods did not

exceed 120 days, defendant's statutory right to a speedy trial had not been violated.

The issue in this case is whether a defendant who is out on bond on one charge and who is subsequently arrested and taken into custody on a second charge is automatically returned to custody on the first charge. Defendant argues that he was returned to custody on the first charges when he was arrested on the second charges, even though he was still on bond on the initial charges. Our appellate court is divided on this issue. Compare *People v. Cooper* (1977), 56 Ill. App. 3d 354, with *People v. Wilson* (1974), 19 Ill. App. 3d 466, *People v. Brown* (1981), 94 Ill. App. 3d 609, *aff'd on other grounds* (1982), 92 Ill. 2d 248, and *People v. Sherwood* (1986), 141 Ill. App. 3d 530.

We conclude that a defendant who is out on bond on one charge, and who is subsequently rearrested and returned to custody on another charge, is not returned to custody on the first charge until his bond is withdrawn or revoked. We have repeatedly held that the speedy-trial statute is to be liberally construed so as to give effect to the constitutional right to a speedy trial. (See *People v. Brown* (1982), 92 Ill. 2d 248, 259.) While we do not intend to defeat the purpose of the statute with a technical interpretation (see *People v. Wilson* (1974), 19 Ill. App. 3d 466, 468), we will not ignore the reality of the distinction between being in custody and being on bond. In the case at bar defendant was arrested on unrelated charges while he was out on bond. At that point, although he was physically in custody, his bond on the initial charges remained in effect. Defendant was entitled to have his bond returned to him when he was rearrested. However, if the bond was returned to him and he was subsequently released on bond on the second charges, he would once again have to post bond on the first charges as well. See *People v. Sherwood* (1986), 141

Ill. App. 3d 530, 531.

Thus defendant was not simultaneously in custody on more than one charge until he withdrew his bond on the initial charges on August 21. At that time the 120-day period prescribed by section 103—5(a), which was temporarily suspended by defendant's release on bond (see *People v. Sonntag* (1984), 128 Ill. App. 3d 548, 554), once again commenced to run. Because the initial period of custody and the period of custody following the withdrawal of the bond did not exceed 120 days, defendant's statutory right to a speedy trial was not violated. We need not here decide whether the holding in *Sonntag* that the two periods of time separated by an interruption are to be added together for purposes of the speedy-trial statute is correct. In deciding this case we are assuming such a totaling of these time periods to be permissible.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*