THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES R. WALLER, a/k/a Roger R. Waller, Defendant-Appellant.

Fourth District   No. 4—89—0308

Opinion filed March 15, 1990.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After a jury trial, defendant was convicted of aggravated battery. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(6).) He appeals, arguing he was denied a fair trial by improper admission of evidence of other crimes. Defendant also argues he is entitled to additional credit against his sentence.

We affirm defendant's conviction and sentence.

The facts will be reviewed only as necessary to determine the issues.

Illinois State Trooper Woods testified after placing defendant in the squad car, he radioed for assistance. He then waited for a backup officer to arrive. Woods stated that during the struggle outside of the vehicle, he noted defendant had an odor of alcohol on his breath. Defendant had difficulty in standing. While defendant was seated in the squad car, Woods came to the conclusion that defendant was under the influence of alcohol and determined defendant should be charged with driving under the influence (DUI).

Woods asked for defendant's identification. Defendant responded that his identification was in his wallet in his back pocket. Jane Morefield, defendant's companion, got defendant's wallet out of his pocket and handed Woods a driver's license. The license belonged to Charles R. Waller. Woods stated he asked if defendant had any other identification. Defendant told Morefield not to give him anything else out of the wallet. After looking at the license, Woods asked defendant if he were Charles R. Waller. Defendant stated he was. Defendant admitted driving the vehicle.

During cross-examination, Woods stated that he knew Charles Waller was defendant's brother from information he obtained through a computer once they had returned to the station. From the computer check, he found defendant had been arrested in Champaign and Piatt Counties.

Defendant testified that he had consumed six or seven beers and half of a rum and Coke before driving home. He stopped because he saw a disabled car on the shoulder. He was not aware that he was being followed by a squad car. He and Morefield switched seats so that defendant could exit the car from the passenger side. Defendant was lying between the seats when Woods approached the Blazer because he was attempting to straighten the head of one of Morefield's children. The child was sleeping on the backseat of the Blazer. Defendant stated he never told Woods that he was Charles Waller.

■ Initially, defendant argues he was denied a fair trial by testimony concerning his DUI and by the testimony on cross-examination about his prior arrests. Defendant has waived review of this issue. In a criminal case, both a trial objection and a written post-trial motion are necessary to preserve review of an issue. (*People v. Enoch* (1988), 122 Ill. 2d 176, 185-91, 522 N.E.2d 1124, 1129-34, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) Defendant did not file a post-trial motion. Therefore, he has waived review of the prejudicial effect of the other crimes evidence.

■■ ■ On the merits, we note no error occurred in admitting testimony concerning defendant's intoxication. Evidence of collateral crimes, crimes for which the defendant is not on trial, is inadmissible if relevant merely to establish a defendant's propensity to commit crime. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.) However, such evidence is admissible if offered as part of the narrative of the offense or to impart meaning to an otherwise unexplained appearance by the police. (*Lindgren*, 79 Ill. 2d 129, 402 N.E.2d 238; *People v. Spiezio* (1982), 105 Ill. App. 3d 769, 434 N.E.2d 837; *People v. Davis* (1981), 93 Ill. App. 3d 187, 416 N.E.2d 1179.) *Lindgren* narrowed the "narrative" exception. Evidence of offenses which are distinct from the offense charged, undertaken for different reasons, and which occurred at a different time and place may not be admitted under the narrative-of-the-offense exception. (*Lindgren*, 79 Ill. 2d at 140, 402 N.E.2d at 242-43.) Here, Woods observed indicia of defendant's intoxication while he was wrestling with defendant at the scene. The DUI occurred immediately prior to and at the place of the aggravated battery. Additionally, defendant's possible intoxication explained his initial denial of driving, switching seats, and use of his brother's identification.

On cross-examination, Woods stated he learned Charles Waller was defendant's brother from information obtained in a computer check. Defendant did not object that this answer was nonresponsive. Generally, a party may not complain of evidence which he brought out. Even had review of this error been properly preserved, we do not believe the reference denied defendant a fair trial.

Defendant next argues he is entitled to additional credit for time spent in custody. Defendant was arrested for DUI and aggravated battery on August 26, 1988. He posted bond for each charge on August 27, 1988. He was then released from custody. On January 23, 1989, defendant was sentenced to six months' imprisonment for the DUI offense. He began serving his sentence that day. However, defendant's bond for the aggravated battery offense continued until March 23, 1989. The trial court credited defendant's sentence for the aggravated battery for the two days served prior to his release on bond.

■■ Individuals sentenced to prison are generally entitled to one day's credit on their sentence for each day spent in custody, prior to their arrival at the Department of Corrections, as a result of the offense for which they were sentenced to prison. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—7(b).) In *People v. Arnhold* (1987), 115 Ill. 2d 379, 504 N.E.2d 100, the court, in addressing a speedy-trial issue,

held that a defendant who had posted bond on one charge and who was subsequently arrested and returned to prison on another charge is not returned to custody on the first charge until his bond is withdrawn or revoked.

Several courts have held that when a defendant who is serving a sentence for a previous offense fails to post bond while awaiting trial or sentencing on a second offense, he is entitled to credit on the sentence for the second offense for the period between the date he was charged with the second offense and the sentencing date. (See *People v. Bradney* (1988), 170 Ill. App. 3d 839, 525 N.E.2d 112; *People v. Higgerson* (1987), 157 Ill. App. 3d 564, 510 N.E.2d 574; *People v. Powell* (1987), 160 Ill. App. 3d 689, 513 N.E.2d 1162, *cert. denied* (1988), 486 U.S. 1025, 100 L. Ed. 2d 232, 108 S. Ct. 2001.) These courts reason that even if the defendant were not serving a sentence for the first offense, he would be subject to detention as a result of his failure to post bond with respect to the second charge. In those situations, a defendant is incarcerated as a result of both offenses prior to being sentenced for the second offense. Defendant maintains he was incarcerated for both offenses.

■ The holdings of *Bradney, Higgerson,* and *Powell* do not apply in the instant case. Here, under the holding of *Arnhold,* defendant was not returned to custody for the aggravated battery offense until his bond was revoked, withdrawn, or he was sentenced for that offense. This occurred on March 23, 1989, the sentencing date for the instant offense. Defendant was not subject to detention for both offenses on January 23, 1989, the date he began serving his sentence for the DUI conviction. Thus, the court did not err in calculating the applicable credit for time served.

For the above reasons, we affirm the trial court.

Affirmed.

LUND and SPITZ, JJ., concur.