NOTICE: Under Supreme Court Rule 367 a party has 21 days after

the filing of the opinion to request a rehearing. Also, opinions

are subject to modification, correction or withdrawal at anytime

prior to issuance of the mandate by the Clerk of the Court.

Therefore, because the following slip opinion is being made

available prior to the Court's final action in this matter, it

cannot be considered the final decision of the Court. The

official copy of the following opinion will be published by the

Supreme Court's Reporter of Decisions in the Official Reports

advance sheets following final action by the Court.

                                    

                   No. 79511--Agenda 3--January 1996.

    THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FRANK ROBINSON

                           et al., Appellees. 

                      Opinion filed June 20, 1996.

                                    

                                    

     JUSTICE McMORROW delivered the opinion of the court:

     The question presented in this appeal is whether a defendant

who, while out on bond awaiting trial on one charge, commits

another offense and serves a sentence for it, is "simultaneously in

custody on two charges" and therefore is entitled, under section 5-

-8--7(b) of the Unified Code of Corrections (730 ILCS 5/5--8--7(b)

(West 1992)), to in-custody credit for time served in prison for

the sentences he received on both charges. The first district of

the appellate court answered this question affirmatively. 273 Ill.

App. 3d 1069. We allowed the State's petition for leave to appeal.

155 Ill. 2d R. 315. For the reasons which follow, we affirm the

judgment of the appellate court.

                                Background

     On September 4, 1986, the defendant, Frank Robinson, was

arrested for murder. He remained in custody for 37 days, until

October 10, 1986, when he posted a $25,000 bond and was released.

On January 16, 1988, while out on bond awaiting trial on the murder

charges, defendant was arrested for an unrelated armed robbery and

taken into custody. As a result of the armed robbery, the State

filed a petition to increase defendant's bond on the murder case.

On January 21, 1988, the court increased defendant's bond to

$500,000. Defendant surrendered in exoneration of his previously

posted bond and the proceeds of that bond were returned to his

attorney.

     On April 17, 1991, defendant entered a guilty plea on the

armed robbery charge and was sentenced to a 6½-year term of

imprisonment. Defendant received credit against his armed robbery

sentence for the 1,187 days spent in pretrial custody between

January 16, 1988, and April 17, 1991. Because of this credit, and

additional credit earned for good conduct, defendant had completed

his sentence for armed robbery by no later than June 21, 1991.

Accordingly, on that date, defendant moved to reduce the $500,000

bond on the pending murder charges. On July 24, 1991, defendant's

bond on the murder charges was reduced to $20,000. The following

day defendant posted bond and was released. Defendant spent a total

of 1,282 days in custody from January 21, 1988, when he surrendered

in exoneration of his first bond until July 25, 1991, when he was

released on the new bond.

     On February 26, 1993, the new bond was revoked when defendant

was found guilty of murder and concealment of a homicidal death.

Defendant was sentenced on April 12, 1993, to 22 years'

imprisonment for the murder and two years' imprisonment for the

concealment of a homicidal death. On May 7, 1993, a hearing was

held to determine the amount of sentence credit to which defendant

was entitled for time already spent in custody. During the hearing,

defendant argued that under section 5--8--7(b) of the Unified Code

of Corrections (730 ILCS 5/5--8--7(b) (West 1992)) he was entitled

to receive credit for the entire 1,282 days spent in pretrial

custody between January 21, 1988, and July 25, 1991. Section 5--8--

7(b) provides, in pertinent part, that an offender be given credit

on his sentence          "for time spent in custody as a result of

                         the offense for which the sentence was

                         imposed ***." 730 ILCS 5/5--8--7(b) (West

                         1992).

The circuit court concluded that because the period from January

21, 1988, to April 17, 1991, had been credited towards defendant's

armed robbery sentence, defendant was not entitled to have that

same period of time credited towards his murder sentence. The

circuit court determined, however, that defendant was entitled to

258 days of in-custody credit. Defendant was awarded 37 days'

credit for the time spent in custody from September 4, 1986, the

date of his arrest on the murder charge, to October 10, 1986, the

date when he posted the first bond; 71 days' credit for the time

spent in custody from February 26, 1993, the date that the second

bond was revoked upon conviction, to May 7, 1993, the date of the

hearing to determine sentence credit; and 150 days' credit in

recognition of defendant's good behavior during the trial

proceedings.

     Defendant sought review of the circuit court's decision in the

appellate court, arguing, inter alia, that he was entitled to

sentence credit for the entire 1,282 days between January 21, 1988,

and July 25, 1991. The appellate court agreed that defendant should

be awarded the sentence credit. Relying on the definition of

custody provided by this court in People v. Arnhold, 115 Ill. 2d

379 (1987), the appellate court concluded that when defendant

surrendered in exoneration of the first bond on January 21, 1988,

he was thereafter in simultaneous custody on the armed robbery

charge and the murder charges. Therefore, according to the plain

terms of section 5--8--7(b), he was entitled to credit on the

murder sentence for the 1,282 days spent in custody prior to his

release on July 25, 1991. The State's appeal followed.

                                 Analysis

     This court's primary objective when construing the meaning of

a disputed statute is to ascertain and give effect to the intent of

the legislature. People v. Zaremba, 158 Ill. 2d 36, 40 (1994). The

most reliable indicator of legislative intent is the language of

the statute itself. People v. Tucker, 167 Ill. 2d 431, 435 (1995).

The statutory language must be given its plain and ordinary meaning

(People v. Bole, 155 Ill. 2d 188, 197 (1993)), and where that

language is clear and unambiguous, we must apply the statute

without further aids of statutory construction (Bole, 155 Ill. 2d

at 198). Further, as a general matter, any ambiguities in a

criminal statute must be resolved in favor of the defendant. People

v. Foster, 99 Ill. 2d 48, 55 (1983). Because the construction of a

statute is a question of law, our review is de novo. Vuletich v.

United States Steel Corp., 117 Ill. 2d 417, 421 (1987).

     Our appellate court has split over the question presented in

the instant appeal. The first, second and fifth districts have

concluded that under section 5--8--7(b) a defendant is entitled to

sentence credit for time spent in custody as a result of a failure

to post bond, regardless of whether the defendant also receives

credit for that time against a sentence on a separate offense. See

People v. Robinson, 273 Ill. App. 3d 1069 (1st Dist. 1995); People

v. Tedford, 112 Ill. App. 3d 603 (2d Dist. 1983); People v.

Higgerson, 157 Ill. App. 3d 564 (5th Dist. 1987). The third and

fourth districts, however, have construed section 5--8--7(b) more

narrowly. Those districts have determined that section 5--8--7(b)

entitles a defendant to in-custody credit only when the period of

incarceration has not been credited towards another sentence. See

People v. Uran, 196 Ill. App. 3d 293 (3d Dist. 1990); People v.

Jones, 241 Ill. App. 3d 262 (4th Dist. 1993). 

     Defendant urges us to follow the line of decisions from the

first, second and fifth districts. Defendant argues that the only

condition in section 5--8--7(b) which limits its application is the

requirement that the offender be "in custody" on the relevant

offense. Defendant further maintains that any ambiguity with

respect to the basis of his custody from January 21, 1988, to April

17, 1991, is resolved by this court's decision in Arnhold.

According to defendant, Arnhold supports his contention that he was

in simultaneous custody on the armed robbery and murder offenses

after he surrendered in exoneration of the first bond on January

21, 1988. Thus, defendant argues that he satisfied the only

limiting condition in section 5--8--7(b) and is therefore entitled

to the 1,282 days of sentence credit against his murder sentence. 

     We agree that Arnhold clarifies the basis of defendant's

custody from January 21, 1988, through April 17, 1991. In Arnhold,

the defendant was arrested on one offense, released on bond, and

then arrested on a second, unrelated offense. Approximately one

month later he withdrew his bond on the first offense and, shortly

thereafter, filed a motion to dismiss the charges on the first

offense based on an alleged violation of his right to a speedy

trial. The defendant argued that the period of time between his

arrest and incarceration on the second offense and his withdrawal

of the bond should have been calculated as time spent "in custody"

under the speedy-trial statute (Ill. Rev. Stat. 1979, ch. 38, par.

103--5(a)). Thus, the issue before the court was "whether a

defendant who is out on bond on one charge and who is subsequently

arrested and taken into custody on a second charge is automatically

returned to custody on the first charge." Arnhold, 115 Ill. 2d at

383. In addressing this issue, the court determined that it could

not "ignore the reality of the distinction between being in custody

and being on bond." Arnhold, 115 Ill. 2d at 383. Even though the

defendant was physically incarcerated when he was arrested on the

second offense, at that point, his bond on the initial charges

remained in effect. Accordingly, the court concluded that when a

defendant is out on bond on one offense and is subsequently

arrested on a second offense, that defendant is returned to custody

on the first offense when his bond is withdrawn or revoked.

Arnhold, 115 Ill. 2d at 383. When that event occurs, the defendant

is then considered to be in simultaneous custody on both charges. 

Arnhold, 115 Ill. 2d at 384.

     We believe Arnhold's analysis of the general custody issue is

applicable here. Consistent with the reasoning of Arnhold, we

believe that we must acknowledge the reality of defendant's

surrendering in exoneration of his first bond. Even if defendant

had not been incarcerated on the armed robbery charge, he would

have remained in custody on the murder offense as a result of his

failure to post bond. See Higgerson, 157 Ill. App. 3d at 566-67. In

the case at bar, defendant's first bond was effectively withdrawn

or revoked when it was raised to $500,000 on January 21, 1988.

Therefore, we hold that once defendant surrendered in exoneration

of the first bond he was no longer in custody solely on the armed

robbery charge; rather, he was simultaneously in pretrial custody

on both the armed robbery charge and the murder charges.

     During oral argument, the State conceded that defendant was in

custody on the murder charges when he surrendered in exoneration of

his first bond. However, the State argued that regardless of

whether defendant was in custody, he should not receive the entire

1,282 days of sentence credit. The State maintains that to award

defendant the sentence credit would violate the legislative intent

behind section 5--8--7(b) to allow in-custody credit only where the

period of incarceration has not been credited against another

sentence. The State contends that evidence of this legislative

intent can be found in the use of the singular form of the words

"sentence" and "offense" in section 5--8--7(b)'s requirement that

an offender receive credit against his sentence for "time spent in

custody as a result of the offense for which the sentence was

imposed." In addition, the State argues that further evidence of

the legislative intent to limit in-custody credit to a single

sentence under section 5--8--7(b) can be seen in the language of

section 5--8--7(c). We disagree.

     The use of the singular form of the words "sentence" and

"offense" in section 5--8--7(b), rather than the plural, does not

evince a legislative intent to limit in-custody credit to a single

sentence. If the legislature had specifically intended to include

such a limitation, a less oblique means of conveying that intent

would have been employed. See, e.g., 18 U.S.C. §3585(b) (1996)

(explicitly providing that in-custody credit will be awarded only

where the period of incarceration has not been credited against

another sentence).

     Similarly, the language of section 5--7--8(c) does not

establish a legislative intent to limit in-custody credit to a

single sentence under section 5--7--8(b).  Section 5--8--7(c)

provides:

               "An offender arrested on one charge and prosecuted

          on another charge for conduct which occurred prior to his

          arrest shall be given credit on the determinate sentence

          or the maximum term and the minimum term of imprisonment

          for time spent in custody under the former charge NOT

          CREDITED AGAINST ANOTHER SENTENCE." (Emphasis added.) 730

          ILCS 5/5--8--7(c) (West 1992).

Section 5--8--7(c) was adopted to "prevent the State from dropping

an initial charge and recharging a defendant with another crime,

with the intent of denying credit for time spent in jail on the

first charge." People v. Townsend, 209 Ill. App. 3d 987, 990

(1991), citing People v. Kane, 136 Ill. App. 3d 1030 (1985); see

also 730 ILCS Ann. 5/5--8--7, Council Commentary, at 1045 (Smith-

Hurd 1992). Because the initial charge against defendant was not

dropped in favor of a subsequent charge, section 5--8--7(c) is not

directly applicable to the case at bar. Further, the presence of

the phrase "not credited against another sentence" in section 5--8-

-7(c) undermines the State's argument that the same language must

be read into section 5--8--7(b). The phrase restricting in-custody

credit to time not credited against another sentence contained in

section 5--8--7(c) indicates a legislative awareness of such a

limiting condition. Thus, if the legislature had intended that the

limiting language found in section 5--7--8(c) should apply to

section 5--7--8(b), it would have been included there. See People

v. Bole, 155 Ill. 2d 188, 198 (1993) (if the legislature had

intended that the mandatory consecutive sentencing provision of

section 5--8--4(a) apply whether or not the specified offenses were

committed in a single course of conduct, it would have placed the

provision in a different part of section 5--8--4); Zaremba, 158

Ill. 2d at 40-41.

     The State has not shown that the legislature intended to

restrict in-custody credit under section 5--7--8(b) to time which

has not been credited towards another sentence. Moreover, assuming,

arguendo, that the State has established that the section is

ambiguous with respect to whether defendant should receive credit

for time credited against another sentence, such ambiguity would

not necessitate denial of the sentence credit to defendant. It is

firmly established that criminal statutes must be strictly

construed in favor of the defendant. Bole, 155 Ill. 2d 188; People

v. Chandler, 129 Ill. 2d 233, 253-54 (1989). " `If a statute

creating or increasing a penalty or punishment be capable of two

constructions, undoubtedly that which operates in favor of the

accused is to be adopted.' " People ex rel. Gibson v. Cannon, 65

Ill. 2d 366, 371 (1976), quoting People v. Lund, 382 Ill. 213, 215-

16 (1943). Accordingly, even if we were to conclude that section 5-

-8--7(b) is ambiguous with respect to whether a defendant may

receive in-custody credit against two sentences, that ambiguity

must be resolved in favor of the defendant.

     The State also argues that defendant's interpretation of

section 5--8--7(b) must be rejected because it inappropriately

awards defendant a "windfall" of double sentence credit. The State

maintains that it is wrong, as a matter of policy, to permit

defendant to receive credit against both of his sentences, even if

defendant was, in fact, in custody on both of his offenses.

Initially, we note that it is the legislature, and not this court,

which defines sentencing policy. It is this court's responsibility

to interpret and apply statutes in the manner in which they are

written. Indeed, if this court were to ignore the clear provisions

of a statute in favor of what it believed to constitute proper

policy, this court would be improperly engaging in judicial

lawmaking. See, e.g., Kraft, Inc. v. Edgar, 138 Ill. 2d 178, 189

(1990) (court may not depart from plain meaning of a statute by

reading into it exceptions, limitations or conditions that the

legislature did not express). 

     Through section 5--8--7(b) the legislature has explicitly

required that offenders receive credit against their terms of

imprisonment when they are "in custody as a result of the offense

for which the sentence was imposed." In the case at bar, the basis

of defendant's custody from January 21, 1988, through April 17,

1991, may have been ambiguous. However, it is clear and unambiguous

that, other than the custody requirement, there are no additional

conditions which limit the application of section 5--8--7(b). As

this court has noted previously, "there is no rule of construction

which authorizes a court to declare that the legislature did not

mean what the plain language of the statute imports." Solich v.

George & Anna Portes Cancer Prevention Center of Chicago, Inc., 158

Ill. 2d 76, 83 (1994); see also Bole, 155 Ill. 2d at 198-99. In the

absence of a compelling justification for doing so, we will not

judicially craft an additional limiting condition onto section 5--

8--7(b). See People v. Tucker, 167 Ill. 2d 431, 437 (1995) (court

may not rewrite statutory language under the guise of judicial

interpretation, merely because the plain language of the statute

creates, in the State's view, something of a sentencing anomaly).

     We believe this court's decision in Arnhold compels the

conclusion that defendant was in simultaneous custody on the armed

robbery and murder charges when he surrendered in exoneration of

the first bond. Having determined the basis of defendant's custody,

and mindful that section 5--8--7(b) contains no further limitations

upon its application, we conclude that under the circumstances

presented here, defendant should be given the 1,282 days of

contested sentence credit.

     For the foregoing reasons the judgment of the appellate court

is affirmed.

 Affirmed.