# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Miller*, 2011 IL App (5th) 090679

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY L. MILLER, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-09-0679 |
| Filed | November 21, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's *pro se* postconviction petition alleging that his trial counsel was ineffective in failing to object to the double enhancement of his sentence was affirmed, since defendant argued on appeal that his trial counsel was ineffective in failing to advise him to surrender his bond when he was taken into custody on a subsequent charge so that he could become entitled to additional days of sentencing credit, but that issue was dependent on a finding of ineffective assistance of counsel that was forfeited when it was raised for the first time on appeal. |
| Decision Under Review | Appeal from the Circuit Court of Marion County, No. 07-CF-285; the Hon. Sherri L.E. Tungate, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Johannah B. Weber, and Rita K. Peterson, all of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Matt Wilzbach, State's Attorney, of Salem (Patrick Delfino, Stephen E. Norris, and Rebecca E. McCormick, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

PRESIDING JUSTICE CHAPMAN delivered the judgment of the court, with opinion.

Justices Welch and Stewart concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Gary L. Miller, appeals the circuit court's summary dismissal of his *pro se* postconviction petition. He prays that this court will find that defense counsel was ineffective and amend the mittimus to reflect an additional 34 days of credit. For the following reasons, we affirm.

¶ 2                    BACKGROUND

¶ 3    The defendant was charged with burglary (720 ILCS 5/19-1(a) (West 2004)) and theft under $300 (720 ILCS 5/16-1(a) (West 2004)). He posted bond on the charge on October 31, 2007. The next day he was arrested for attempted burglary (720 ILCS 5/8-4(a) (West 2004)). The defendant remained in jail on that charge. The record does not indicate that the defendant surrendered his bond in the burglary and theft case.

¶ 4    On December 3, 2007, the defendant pled guilty to theft under $300 in exchange for the State recommending a six-year prison sentence. The State also dismissed all other charges, including the attempted burglary charge. The defendant was released on bond until January 4, 2008. The defendant was given sentencing credit from August 29, 2007, through October 31, 2007. He did not file a motion to withdraw his guilty plea.

¶ 5    The defendant filed a *pro se* postconviction petition alleging that he received ineffective assistance of counsel because trial counsel did not object to the double enhancement of the defendant's sentence. On November 16, 2009, the court dismissed the defendant's petition. The defendant filed this timely appeal. After filing his notice of appeal, the defendant filed a *pro se* motion for an order *nunc pro tunc* alleging that he was entitled to additional sentencing credit. However, the circuit court did not enter an order regarding the motion because the appellate court had already assumed jurisdiction at the time of the filing of the

motion.

ANALYSIS

We review *de novo* the circuit court's dismissal of a postconviction petition without an evidentiary hearing. *People v. Coleman*, 183 Ill. 2d 366, 389 (1998). On appeal, the defendant argues that trial counsel was ineffective for failing to advise him to surrender his bond when he was taken into custody on a subsequent charge. He contends that this failure entitles him to additional days of sentencing credit for the time frame of November 1, 2007, through December 4, 2007. We note that this argument was not raised in his postconviction petition.

In response, the State argues that the defendant is precluded from raising this issue because it was not brought in his initial postconviction petition. The State argues that the defendant's claim is not merely that of a sentencing issue which can be brought at any time but that the issue is one of ineffective assistance of counsel.

In the defendant's reply brief, he argues that it is irrelevant whether this issue was properly presented to the reviewing court because it is simply a matter of crediting him with additional sentencing credit, which the defendant claims is mandatory. Therefore, the defendant requests that this issue be treated as a motion to amend his mittimus.

The issues before this court are whether the defendant was held simultaneously on two charges and whether due to this incarceration, the defendant is entitled to additional presentencing credit. The Illinois Supreme Court has held that "a defendant who is out on bond on one charge, and who is subsequently rearrested and returned to custody on another charge, is not returned to custody on the first charge until his bond is withdrawn or revoked." *People v. Arnhold*, 115 Ill. 2d 379, 383 (1987). Therefore, a defendant is not in simultaneous custody on more than one charge until he withdraws or revokes his bond on the initial charge. *Id.* at 384.

In the instant case, the defendant agrees that he did not revoke or withdraw his bond. However, he argues that this failure was the result of ineffective assistance of counsel and that since this is a sentencing issue the court can review it at any time.

In support of this argument, the defendant relies upon, *inter alia*, this court's decision in *People v. DuPree*, 353 Ill. App. 3d 1037 (2004). In *DuPree*, the defendant posted bond in one case and was subsequently arrested on another charge. *Id.* at 1046. The defendant never withdrew his previous bond or sought to revoke the bond. *Id.* On appeal, he argued that he was entitled to additional sentencing credit, an issue that had not been presented in his motion to reconsider his sentence. *Id.* at 1041. The court initially noted "that sentencing credit for time served is a right afforded by statute and that, thus, a defendant's failure to present the issue to a trial court, either by contemporaneous objection or by postsentencing motion, does not result in the procedural default of this issue." *Id.* at 1045.

The court found that the defendant did not revoke his bond but held: "It behooved defense counsel to move to withdraw the bond posted in the instant case in order to allow the defendant to earn credit against his eventual sentences in the instant case at the same time that he earned credit against his [current] sentence ***. Counsel's failure to do so prompts

-3-

this court to remand the case to the circuit court *** to amend the mittimus to reflect a credit against the defendant's sentences ***." *DuPree*, 353 Ill. App. 3d at 1049.

¶ 14 While we agree with *DuPree* that a sentencing-credit issue can be brought at any time, the existence of the sentencing-credit issues in both *DuPree* and the instant case is dependent upon a finding that counsel was ineffective. Therefore, the real issue in this case is whether defense counsel was ineffective in not advising the defendant to revoke or withdraw his bond. It is clear from the holding in *Arnhold* that without the revocation or withdrawal of the bond, a defendant is not being held in simultaneous custody. Unless he can establish that counsel was ineffective for failing to seek revocation or withdrawal of the bond, the defendant is not entitled to additional credit because he was never returned to custody on the initial charge.

¶ 15 However, as noted above, the defendant's argument of ineffective assistance regarding the revocation of his bond was not raised in his postconviction petition. It is well settled that a defendant may not raise a claim for the first time on appeal. *People v. Jones*, 211 Ill. 2d 140, 148 (2004). Moreover, the record clearly does not contain the facts necessary for this court to determine if there was ineffective assistance of counsel regarding the revoking of the defendant's bond. Thus, we decline to follow *DuPree* in the holding that the defendant is entitled to additional credit in a case in which the defendant did not properly raise the issue of ineffective assistance of counsel.

¶ 16 "However, this holding does not leave a postconviction petitioner such as defendant entirely without recourse. A defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition if he can meet the strictures of the 'cause and prejudice test.' " *Jones*, 211 Ill. 2d at 148.

¶ 17 In conclusion, we find that although the defendant raises an issue of sentencing credit, this issue is dependent on a finding of ineffective assistance of counsel, which is raised for the first time on appeal. Therefore, the issue is deemed forfeited on appeal, and we decline to amend the defendant's mittimus.

¶ 18                                                      CONCLUSION

¶ 19 For the foregoing reasons, we affirm the circuit court's dismissal of the defendant's postconviction petition.

¶ 20 Affirmed.