2016 IL App (1st) 142582

SECOND DIVISION
August 2, 2016

No. 1-14-2582

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 CR 18024 |
| | ) | |
| KENNETH JONES, | ) | Honorables |
| | ) | Mauricio Araujo, |
| | ) | Dennis J. Porter, |
| Defendant-Appellant. | ) | Judges Presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justices Neville and Simon concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a bench trial, defendant Kenneth Jones was found guilty of retail theft and sentenced to three years in prison. The only issue on appeal is whether an order exonerating defendant's bond *nunc pro tunc* was effective to credit defendant with additional presentence custody credit pursuant to section 5-4.5-100(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-100(b) (West 2012)).

¶ 2    Defendant's arrest and prosecution in this case arose from an August 24, 2013, incident during which certain merchandise was taken from a store without payment. The record reflects that defendant was taken into custody on August 24, 2013, and released on bond on August 26, 2013.

¶ 3    On October 17, 2013, defendant surrendered on a charge that arose before this offense and was taken into custody. On November 6, 2013, defendant appeared before Judge Mauricio Araujo on this offense. Defense counsel informed the court that defendant was arrested on October 17, 2013, "for something that occurred prior to him being arrested on this." Counsel then stated: "We're asking to exonerate his bond *nunc pro tunc* to October 17th so that he gets credit on this case for the time he's in custody." The trial court asked the State for a response, and the State indicated that there was "no problem" because the court was entering a "no bond order." The court granted the motion to exonerate bond, *nunc pro tunc*, to October 17, 2013.

¶ 4    At trial, loss prevention specialist Philip Bane testified that he observed, on a store security camera, the defendant retrieve a bag of fish, relocate to another aisle and remove two grocery bags from his pockets. Defendant then placed the fish in a bag, put the bag in a cart, placed a package of paper towels over the bag, and proceeded to the front of the store.

¶ 5    When defendant was 50 feet away from the entrance and past "all points of sale," Bane left his office and placed himself between defendant and the door. Defendant left the cart and the paper towels, took the bag of fish and walked toward the doors. Bane approached defendant, identified himself and asked defendant to drop the bag and leave. Defendant pushed Bane and left. Bane grabbed defendant and tackled him to the ground. The State then published, without objection, certain video footage from the store's security system to the court.

¶ 6    Defendant was ultimately found guilty of retail theft. On July 14, 2014, Judge Dennis Porter sentenced defendant to three years in prison, imposed $409 in fines and fees and allowed defendant a credit of $80 against the fines. The trial court credited defendant with 246 days of presentence custody. The record indicates the presentence custody credit was calculated from "November 13, 2014 [*sic*] to July 14, 2014" plus the three days defendant was initially in custody before posting bond (August 24, 2013, to August 26, 2013). The parties agree, and we concur, that the mittimus incorrectly reflects the proper presentence in custody credit the defendant is entitled to but differ on the proper credit.

¶ 7    On appeal, defendant contends that his mittimus must be corrected to reflect 273 days of presentence custody credit: 3 days for August 24, 2013, through August 26, 2013, and 270 days for October 17, 2013, through July 13, 2014. See *People v. Alvarez*, 2012 IL App (1st) 092119, ¶ 71 (presentence custody calculation includes the days that the defendant spends in custody prior to the day he is sentenced).

¶ 8    The State responds that defendant is entitled to 253 days of presentence custody credit: 3 days for August 24, 2013, through August 26, 2013, and 250 days for November 6, 2013, through July 13, 2014. The State argues that the trial court did not have the authority to exonerate defendant's bond *nunc pro tunc* to October 17, 2013, because the purpose of the order was outside the scope of the *nunc pro tunc* procedure.

¶ 9    Initially, we note that the State has waived any argument relating to the *nunc pro tunc* order because it failed to object to the entry of the order before the trial court. See *People v. Jones*, 364 Ill. App. 3d 740, 748 (2006) (the failure to object before the trial court and to raise the issue in a posttrial motion waives that issue for review). However, because defendant's argument

on appeal rests upon the *nunc pro tunc* order, the propriety of the entry of that order has been placed before this court. For the following reasons we conclude that the trial court improperly exonerated defendant's bail, *nunc pro tunc*, to October 17, 2013, and, therefore, vacate that order. See Ill. S. Ct. R. 615(b)(2) (on appeal a reviewing court may "set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken").

¶ 10    Defendant's argument that the *nunc pro tunc* order entered on November 6 gave him additional in custody credit on this charge cannot be accepted, even where the State did not object and presumably intended that the defendant would be considered in custody on this charge as of October 17. The court was in error when it entered the *nunc pro tunc* order of November 6 for the simple reason that there was no order entered on October 17 that omitted something the court previously did or that needed correction or clarification.

¶ 11    "[T]he use of *nunc pro tunc* orders or judgments is limited to incorporating into the record something which was actually previously done by the court but inadvertently omitted by clerical error." *People v. Melchor*, 226 Ill. 2d 24, 32 (2007); see also *Harreld v. Butler*, 2014 IL App (2d) 131065, ¶ 13 (" 'A *nunc pro tunc* order is an entry now for something previously done, made to make the record speak now for *what was actually done then*.' " (Emphasis in original.) (quoting *Kooyenga v. Hertz Equipment Rentals, Inc.*, 79 Ill. App. 3d 1051, 1055 (1979))). Because a *nunc pro tunc* amendment may reflect only what the trial court actually did, it must be based on some note, memorandum, or other memorial in the court record. *Harreld*, 2014 IL App (2d) 131065, ¶ 13.

¶ 12 The evidence in the record "must clearly show" that the order being modified failed to conform to the decree actually made by the trial court. *McCloud v. Rodriquez*, 304 Ill. App. 3d 652, 659 (1999). An order entered *nunc pro tunc* may not supply omitted judicial action or correct judicial errors under the pretext of correcting clerical orders. *Melchor*, 226 Ill. 2d at 32-33. Whether an order satisfies the legal criteria for a *nunc pro tunc* order is reviewed *de novo*. *In re Aaron R.*, 387 Ill. App. 3d 1130, 1139 (2009).

¶ 13 While defendant was on bond in this case he decided to surrender on another unrelated charge on October 17, 2013. He was not brought before any court on this charge nor did he make any attempt to exonerate his bond until November 6, 2013. Defendant wants credit against this sentence for the time he was in custody on the unrelated charge (starting on October 17), claiming a *nunc pro tunc* order entitles him to the credit even though he did not surrender his bond in this case until he appeared before Judge Araujo on November 6.

¶ 14 In *People v. Arnhold*, 115 Ill. 2d 379, 383 (1987) our supreme court, in reviewing the speedy-trial statute, addressed the question of when custody begins where a defendant on bond is arrested and incarcerated for a separate offense. "We conclude that a defendant who is out on bond on one charge, and who is subsequently rearrested and returned to custody on another charge, is not returned to custody on the first charge until his bond is withdrawn or revoked." *Id*. The court emphasized that "we will not ignore the reality of the distinction between being in custody and being on bond. In the case at bar defendant was arrested on unrelated charges while he was out on bond. At that point, although he was physically in custody, his bond on the initial charges remained in effect." *Id*.

¶ 15    After *Arnhold*, the supreme court again stated that a defendant arrested while on bond remains on bond until the bond is exonerated, at which point the defendant will be considered to be in simultaneous custody on both charges. *People v. Robinson*, 172 Ill. 2d 452, 458-59 (1996). The court also instructed that "it is the legislature, and not this court, which defines sentencing policy. It is this court's responsibility to interpret and apply statutes in the manner in which they are written. Indeed, if this court were to ignore the clear provisions of a statute in favor of what it believed to constitute proper policy, this court would be improperly engaging in judicial lawmaking." *Id*. at 462.

¶ 16    Under the established precedent articulated in *Arnhold* and *Robinson*, defendant was on bond in this case when he appeared in court and surrendered his bond on November 6, 2013. He took no action to surrender or exonerate his bond at the time he surrendered on the other charge on October 17. It was not until November 6, after he surrendered his bond, that he was held in simultaneous custody on both charges. *Arnhold*, 115 Ill. 2d at 383; *Robinson*, 172 Ill. 2d at 458-59.

¶ 17    In this case, the trial court's November 6, 2013, order exonerating defendant's bond *nunc pro tunc* to October 17, 2013, was improper because the record does not reflect any action by any court on October 17, 2013. In other words, notwithstanding the intentions of the defense and the State, because a *nunc pro tunc* order may reflect only what the court actually did on a prior date but was omitted by clerical error (see *Harreld*, 2014 IL App (2d) 130165, ¶ 13), the November 6, 2013, order exceeded the scope of a *nunc pro tunc* order by attempting to supply judicial action, *i.e.*, the exoneration of defendant's bond on an earlier date, that never occurred. See *Melchor*, 226 Ill. 2d at 32-33. Therefore, we find that the November 6, 2013, order was an

improper use of the *nunc pro tunc* procedure (see *In re Aaron R.*, 387 Ill. App. 3d at 1139-40), and must be vacated. Ill. S. Ct. R. 615(a). Giving effect to the November 6 order would effectively give the circuit court, the defendant and the State the power to increase the in custody credit beyond the parameters set by the legislature under section 5-4.5-100(b) (730 ILCS 5/5-4.5-100(b) (West 2012)).

¶ 18    The legislature has enacted a comprehensive statute that deals with the calculation of the term of imprisonment and the grant of credits for the number of days in custody prior to sentencing. 730 ILCS 5/5-4.5-100 (West 2012). Under section 5-4.5-100(b), the legislature grants a defendant credit for "the number of days spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-4.5-100(b) (West 2012). There is no provision that allows for a person on bond to receive credit for the time he is in custody on a separate charge. Under *Arnhold* and *Robinson*, it is settled law that a defendant arrested while on bond remains on bond until the bond is exonerated, withdrawn or surrendered. The legislature has not amended the Code of Corrections in response to either *Arnhold* or *Robinson* to grant in custody credit under the circumstances presented in this case, and we do not have the authority to judicially sanction the credit defendant seeks.

¶ 19    Here, defendant was in custody from August 24, 2013, until August 26, 2013. He remained free on bond until he surrendered on a different charge on October 17, 2013. He moved to exonerate his bond on November 6, 2013, and he was sentenced on July 14, 2014. For credit purposes, he was in custody on this charge from August 24, 2013, until August 26, 2013 and from November 6, 2013, through the day of sentencing. He is therefore entitled to 253 days of presentence custody credit. Accordingly, pursuant to Rule 615(b)(1) and our ability to correct a

mittimus without remand (*People v. Rivera*, 378 Ill. App. 3d 896, 900 (2008)), we correct the mittimus to reflect a total of 253 days of presentence in custody credit.

¶ 20 In *People v. Denny*, 238 Ill. App. 3d 819, 824 (1992) we emphasized "that all participants in sentencing proceedings must concern themselves with the details of those proceedings to the same extent as they must during all prior proceedings in a criminal case." Later, the court noted that, "where defense counsel is aware that the defendant is in custody in another jurisdiction, '[i]t behoove[s] defense counsel to move to withdraw the bond posted in the instant case in order to allow the defendant to earn credit against his eventual sentences in the instant case at the same time that he earned credit against his sentence in the [other jurisdiction].' " *People v. Centeno*, 394 Ill. App. 3d 710, 714 (2009) (quoting *People v. DuPree*, 353 Ill. App. 3d 1037, 1049 (2004)).

¶ 21 We again remind all participants in the criminal justice field that attention to detail is critical to securing the rights of each defendant and for the proper administration of justice. Where a defendant is on bond and taken into custody, he remains on bond until his bond is withdrawn or revoked (*Arnhold*, *Robinson*) and that "the bond is deemed withdrawn as of the day defendant attempted to withdraw his bond by filing the motion." *People v. Hatchett*, 203 Ill. App. 3d 989, 991 (1990). To obtain the benefit of the in custody credit, where applicable, defense counsel should be diligent he or she is promptly moving to exonerate a defendant's bond.

¶ 22 For the foregoing reasons, we correct the mittimus to reflect a presentence in custody credit of 253 days.

¶ 23 Affirmed in part and vacated in part; mittimus corrected.