THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOE L. HATCHETT, Defendant-Appellant.

Fifth District   No. 5—88—0775

Opinion filed August 10, 1990.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Grace, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The defendant, Joe L. Hatchett, was convicted of unlawful delivery of a controlled substance, cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c)), by the circuit court of Jackson County sitting without a jury. Defendant was sentenced to serve five years' imprisonment, to pay a fine of $350 (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1) and a $200 fine, which is the street value of the drugs sold (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1), and to pay a public defender fee of $200. On appeal, defendant contends that the court erred in not permitting the defendant to withdraw his bond and return to custody, that he should be given credit for presentencing incarceration, and that he does not have the financial resources to pay the fines and fee.

On June 1, 1988, defendant was arrested on the unlawful delivery charge. Bond had been set at $10,000, and on June 3, 1988, he posted $1,000, the statutory 10%, and was released from custody. At the time of the offense, defendant was on mandatory supervised release for a previous conviction. During June 1988, he was arrested as a parole violator and returned to the Department of Corrections. On June

16, 1988, defendant was arrested on various theft offenses on which it does not appear that he posted bond.

On August 17, 1988, defendant filed a *pro se* "Motion to Recover Bond Money."

On September 2, 1988, a hearing was held on the motion. The parties agreed that defendant was to be released by the Department of Corrections on September 12, 1988. The court then denied the motion and did not state any reasons for the denial.

■ ■ Defendant initially contends that the trial court erred in not allowing him to withdraw his bond. Our supreme court has recognized that a defendant can withdraw his bond. In *People v. Arnhold* (1987), 115 Ill. 2d 379, 504 N.E.2d 100, it stated: "[A] defendant who is out on bond on one charge, and who is subsequently rearrested and returned to custody on another charge, is not returned to custody on the first charge until his bond is withdrawn or revoked." (115 Ill. 2d at 383, 504 N.E.2d at 101.) In the case at bar, the court gave no reason for denying the motion and the record reveals no reason why the motion should be denied; therefore, we conclude that the court erred in denying the motion. We further conclude that the bond is deemed withdrawn as of the day defendant attempted to withdraw his bond by filing the motion.

■ Defendant next contends that he must be given, pursuant to section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 110—14), $5 credit for each day of presentencing incarceration, $375 for 75 days' incarceration. The State does not contest the proposition of law but argues that defendant is entitled to only $15 credit for his June 1 through June 3 incarceration because the court did not err in denying the "Motion to Recover Bond Money." Previously in this order, we have held the court did so err; therefore, defendant is entitled to credit for August 17, 1988, the date the motion was filed, through October 27, 1988, the date of sentencing, a total of 72 days. Defendant, therefore, is entitled to a total credit of $375 for 75 days of presentencing incarceration toward his fines. See *People v. Hare* (1988), 119 Ill. 2d 441, 519 N.E.2d 879; *People v. Joseph* (1988), 176 Ill. App. 3d 636, 641-42, 531 N.E.2d 432, 435-36.

Defendant lastly contends that the court erred in fining the defendant $350 and in assessing $200 for the public defender's services, because the record does not demonstrate the court considered defendant's financial ability to pay the fine. Defendant filed a motion to reduce sentence which alleged that the money posted as bond was borrowed and that the fines and fee were imposed without a finding of ability to pay. The court denied the motion.

■ The presentence report reveals that at the time of defendant's arrest he had no valuable assets and was receiving public aid. Defendant, age 32, stated that he has worked on farms, drove a van for the county mental health agency, and worked as a disc jockey, a maintenance man, and part time at a record store. At the time of sentencing, he had an offer of employment as a construction worker. During a previous incarceration, he was trained and certified as an emergency medical technician. Defendant's lack of funds is probably attributable to his drug addiction, which hopefully he will address in this incarceration. As defendant is to receive credit for all but $175 of his fines, the record shows that he has the financial resources and future ability to pay the fines and fee. See *People v. Roby* (1988), 169 Ill. App. 3d 187, 192, 523 N.E.2d 631, 634.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed and the cause is remanded with directions to that court to credit defendant $375 toward his fines and to issue an amended judgment order, which shall reflect that defendant is entitled to 75 days' credit against his sentence of imprisonment, June 1 through June 3, 1988, and August 17, 1988, through October 27, 1988.

Affirmed and remanded with directions.

HARRISON and GOLDENHERSH, JJ., concur.