THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICAH S. MATTHEWS, Defendant-Appellant.

Third District    No. 3—97—0732

Opinion filed July 9, 1998.

Barbara O'Brien, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Micah S. Matthews, entered an open plea of guilty to a charge of robbery (720 ILCS 5/18—1 (West 1996)). He was sentenced to five years in prison. The trial court further ordered the defendant to reimburse Rock Island County $350 for the cost of providing him with an attorney, saying, "That's a standard ruling." On appeal, the defendant contends that the trial court erred in ordering reimbursement without conducting a hearing into his ability to pay. We agree. Thus, we reverse and remand.

Initially, we note that the defendant failed to raise this issue in a postsentencing motion and therefore has waived his claim of error. *People v. Reed*, 177 Ill. 2d 389, 686 N.E.2d 584 (1997). However, when

the alleged error is so fundamental that it has deprived the defendant of a fair sentencing hearing, plain error may be found. *People v. Thomas*, 178 Ill. 2d 215, 687 N.E.2d 892 (1997).

■ Section 113—3.1 of the Code of Criminal Procedure of 1963 (Code) empowers the trial court to order a defendant to reimburse the county or the State for the cost of providing him with legal representation. 725 ILCS 5/113—3.1(a) (West 1996). This section further provides that "[i]n a hearing to determine the amount of the payment," the court may consider a financial affidavit prepared by the defendant and any other information provided by the parties. 725 ILCS 5/113—3.1(a) (West 1996). In *People v. Love*, 177 Ill. 2d 550, 687 N.E.2d 32 (1997), the Illinois Supreme Court ruled that the trial court must conduct a hearing into the defendant's financial circumstances before imposing a reimbursement order pursuant to section 113—3.1 of the Code.

In the instant case, the trial court imposed the reimbursement obligation upon the defendant without inquiring into the defendant's financial status. In doing so, the court noted that imposing such an obligation was a "standard ruling." This is not in keeping with the mandate of section 113—3.1 of the Code and clearly deprived the defendant of a fair sentencing hearing. Moreover, we are not persuaded that the local rule cited by the State provides a sufficient basis for the imposition of a reimbursement order. That rule is explicitly based upon section 113—3.1, and the *Love* decision makes clear that section 113—3.1 requires a hearing to protect the defendant's constitutional right to due process of law.

Accordingly, we hold that the judgment of the circuit court of Rock Island County must be reversed and the matter remanded for a hearing on the defendant's ability to reimburse the county for the cost of his legal representation.

Reversed and remanded.

HOMER, P.J., and HOLDRIDGE, J., concur.