No. 3--97--0613

_________________________________________________________________

    IN THE

                   APPELLATE COURT OF ILLINOIS

                         THIRD DISTRICT

                           A.D., 1998

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 14th Judicial Circuit,

       )  Rock Island County, Illinois

Plaintiff-Appellee,       )

                                )

v.                         )  No. 96--CF--199

  )

ADRIAN A. MORRISON,             )  Honorable

  )  John D. O'Shea,

Defendant-Appellant.       )  Judge Presiding

________________________________________________________________

PRESIDING JUSTICE HOMER delivered the opinion of the court:      

________________________________________________________________

Following probation revocation proceedings, the defendant, Adrian A. Morrison, was sentenced to six years' imprisonment for attempted aggravated criminal sexual abuse (720 ILCS 5/8--4(a), 12--16(d) (West 1996)).  The defendant appeals, arguing that (1) he is entitled to jail time credit for the date of his arrest; (2) the trial court improperly ordered him to pay $350 as reimbursement for the services of the public defender; and (3) his sentence is excessive and an abuse of the court's discretion.  For reasons that follow, we affirm the defendant's sentence and remand for correction of the mittimus.

FACTS

The record shows that the defendant was charged with Class 1 and Class 2 felony sex offenses allegedly committed against his former girlfriend's 16-year-old sister.  He entered a negotiated plea of guilty to Class 3 attempted aggravated criminal sexual abuse.  In exchange for the plea, the State dismissed the original charges and recommended a sentence of 30 months' probation.  On May 21, 1996, the court admonished the defendant, accepted his plea and imposed probation, as agreed.  The court then inquired about the parties' agreement for reimbursement of the public defender's services.  Defense counsel noted that there was no agreement, and the court 
sua
 
sponte
 imposed a $350 fee.

The State subsequently filed a petition to revoke probation based on the defendant's failure to report to his probation officer.  The defendant was arrested on July 11, 1996.  Following a hearing, the court granted the State's petition and ordered a presentence investigation.  

The presentence investigation report revealed that the 25-year-old defendant had an extensive, 12-year history of criminal conduct.  In addition to the current offense, the defendant's adult record included convictions for illegal possession of alcohol, criminal damage to property, burglary, battery and resisting a peace officer.  The defendant's only reported employment as an adult consisted of three days' work for a friend prior to his arrest for this offense.  He dropped out of school and attempted work toward a General Education Degree, but failed to complete the classes.  Although never married, the defendant claimed to have fathered twins, who died shortly after birth, and one daughter, who lives with her mother.  The defendant's leisure activities included doing drugs, drinking and smoking.

At the resentencing hearing, Treatment Alternatives for Special Clients representative Christopher Volker testified that the defendant was unacceptable for sentencing as an addict because of the nature of his convictions and the unlikelihood of his rehabilitation through substance abuse treatment.  The defendant asked the court for another chance on probation so that he could provide for his daughter.

At the close of the hearing, the court reviewed the facts of the underlying offense and the presentence investigation report.  The court determined that further probation would be inconsistent with the ends of justice, and that a sentence of imprisonment was necessary for the protection of the public.  Factors cited in aggravation included the defendant's criminal history and the need to deter the defendant and others from committing the same crime (730 ILCS 5/5--5--3.2(a)(3),(7) (West 1996)).  The court also noted that an extended term applied (730 ILCS 5/5--5--3.2(b)(1) (West 1996)).  The court then imposed a six-year prison sentence with credit for time spent in pre-sentence custody.  In its sentencing order, the court specified that credit be given for March 7 through May 21, 1996, and from July 12, 1996, to the date of sentencing.  The defendant filed a timely motion to reconsider sentence, which was denied on July 21, 1997, and he appeals.

SENTENCING CREDIT

Initially, the State concedes that the defendant is entitled to presentence credit for July 11, 1996, the date of his arrest for violation of probation.  We agree.  Day-for-day jail time credit must be given for each day or partial day the defendant spends in custody prior to sentencing.  730 ILCS 5/5--8--7(b) (West 1996); 
People v. Williams
, 144 Ill. App. 3d 994, 495 N.E.2d 685 (1986).

The record before us discloses that the defendant was first arrested for the sex offense on March 7, 1996, and he remained in jail until May 21, when he was released on probation.  The defendant was re-arrested on July 11 and remained in jail until he was resentenced on August 23, 1996.  By our calculation, the defendant spent 120 days in custody.  Therefore, we remand the cause for correction of the mittimus to reflect 120 days of presentence credit.

REIMBURSEMENT FOR APPOINTED COUNSEL

Next, the defendant claims that the trial court exceeded its authority in assessing a $350 fee for the public defender's services without conducting a reimbursement hearing pursuant to section 113--3.1(a) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/113--3.1(a) (West 1996)).  The State argues that this court lacks jurisdiction to consider the issue.    Jurisdiction to consider errors arising under a particular judgment of the trial court is conferred on the appellate court by the timely filing of a notice of appeal.  134 Ill. 2d R. 606(a).  If the defendant fails to appeal from the judgment, this court has no authority to review a claim of error unless the judgment was void, in which case the error may be corrected at any time.  
People v. Davis
, 156 Ill. 2d 149, 619 N.E.2d 750 (1993).  An appeal from a sentence entered upon revocation of probation does not revive voidable errors in guilty plea proceedings.  
People v. Stueve
, 66 Ill. 2d 174, 361 N.E.2d 579 (1977). 

Reimbursement orders for the services of appointed counsel are authorized by section 113--3.1 of the Code and may be entered by the trial court after a hearing to determine the defendant's ability to pay.  
People v. Love
, 177 Ill. 2d 550, 687 N.E.2d 32 (1997); 
People v. Matthews
, No. 3--97--0732 (Ill. App. July 9, 1998).  The trial court's failure to conduct a hearing prior to ordering reimbursement does not defeat its jurisdiction, but constitutes an erroneous exercise of power.  See 
Love
, 177 Ill. 2d 550, 687 N.E.2d 32.  Therefore, a reimbursement order entered without a hearing is voidable, not void.  See 
Davis
, 156 Ill. 2d 149, 619 N.E.2d 750. 

In this case, the trial court entered final judgment on the defendant's guilty plea on May 21, 1996, and a voidable order for reimbursement of the public defender's services.  The defendant never perfected an appeal from the May 21 judgment.  Accordingly, we hold that we have no jurisdiction to review the propriety of the reimbursement order.

EXCESSIVE SENTENCE

Finally, we consider the defendant's contention that his sentence is excessive.  After revoking a sentence of probation, the trial judge may resentence the defendant to any sentence that would have been appropriate for the original offense.  
People v. Young
, 138 Ill. App. 3d 130, 485 N.E.2d 443 (1985).  An appropriate consideration is how the defendant has conducted himself while on probation; however, the sentence imposed must not be punishment for the probation violation.  
People v. Walsh
, 273 Ill. App. 3d 453, 652 N.E.2d 1102 (1995).  On appeal, the sentencing judge's determination will not be reversed on appeal unless the sentence imposed represents an abuse of discretion.  
Young
, 138 Ill. App. 3d 130, 485 N.E.2d 443.

The record in this case belies the defendant's claim that his six-year prison sentence was in fact imposed as a penalty for failing to abide by the terms of probation.  The sentencing judge repeatedly stated that the sentence was based on his review of the entire record.  The sentence was imposed with regard to the nature of the sex offense and the defendant's character and criminal history, not as punishment for his violation of probation.  The minor nature of the conduct which was the basis for the probation revocation did not require the court to treat the defendant with lenity.  The sentence imposed lies well within the extended-term range for a Class 3 felony (730 ILCS 5/5--8--2(a)(5) (West 1996)), and it was not an abuse of the trial court's discretion.

CONCLUSION

For the reasons stated, we affirm the defendant's sentence and remand with instructions to modify the mittimus to reflect 120 days' credit for pre-sentence jail time.

Affirmed as modified and remanded.

LYTTON and SLATER, JJ., concur.