THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACOB O. CENTENO, Defendant-Appellant.

Third District    No. 3—08—0026

Opinion filed September 17, 2009.

SCHMIDT, J., dissenting.

Bryon Kohut, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

The defendant, Jacob O. Centeno, pled guilty to aggravated unlawful possession of a stolen motor vehicle (625 ILCS 5/4—103.2(a)(3) (West 2004)). The court sentenced him to a 36-month term of Treatment Alternatives for Safe Communities (TASC) probation. On November 20, 2007, the court revoked the defendant's probation and sentenced him to a seven-year term of imprisonment. The defendant appeals, arguing that counsel was ineffective for failing to surrender him in exoneration of his recognizance bond in Will County while the defendant was in the custody of the Cook County jail. We agree and award the defendant an additional 301 days of credit.

## FACTS

The State charged the defendant with aggravated unlawful possession of a stolen motor vehicle (625 ILCS 5/4—103.2(a)(3) (West 2004)). On February 28, 2005, the court appointed the public defender to represent the defendant.

On August 18, 2005, the defendant pled guilty to the offense. The court sentenced the defendant to, *inter alia*, a 36-month term of TASC probation. Because the treatment facility did not have an immediate opening for the defendant, he was kept in the custody of the Will County jail. The court ordered that once a bed opened in the treat-

ment facility, the defendant would be released pursuant to a $100,000 personal recognizance bond. The defendant entered the treatment facility in November 2005. He successfully completed inpatient treatment and was released to outpatient treatment in January 2006.

On November 29, 2006, the State filed the instant petition to revoke the defendant's TASC probation. The State alleged that the defendant pled guilty in a Cook County court to criminal trespass to a motor vehicle on April 28, 2006.

The court held a hearing on the State's petition to revoke the defendant's probation on December 28, 2006. Neither the defendant nor an attorney representing him appeared at this hearing. However, the State was aware that the defendant was in custody in Cook County and requested that the court issue a writ for his appearance on the instant petition for January 23, 2007. The court did not issue a warrant for the defendant's arrest because his probation officer stated that the defendant was being held in the Cook County jail on no bond.

On January 23, 2007, the defendant appeared in a Will County court for a hearing on the State's petition to revoke and stated that he was "in [the] custody of Cook County." An assistant public defender, who initially represented the defendant on the underlying charge, also appeared. The assistant public defender asked to be reappointed by the court. However, the defendant requested a continuance so he could attempt to retain private counsel. The court granted the continuance and remanded the defendant to Cook County.

The record does not show when the court formally reappointed the public defender. However, on March 16, 2007, the assistant public defender appeared on the defendant's behalf and requested the court to set an April 18, 2007, date for a hearing on the State's petition. At the April 18 hearing, the State notified the court that the defendant had pending matters in Cook County with a court date at the end of May. The State believed that the disposition of the Cook County case "may assist us in what direction we are going to be going in disposing this case" and asked to continue the matter until June 1. The defendant agreed, and the court set the matter for June 1.

On June 15, 2007, private counsel Charles Thomas entered his appearance on behalf of the defendant, and the court allowed the public defender to withdraw. Thereafter, on August 31, 2007, the court held a hearing on the State's petition to revoke the defendant's TASC probation. The State established that the defendant had been convicted of a criminal offense in Cook County while he was on probation in the instant case. Thus, the court granted the State's petition to revoke probation.

The court held a sentencing hearing regarding the instant conviction on November 20, 2007, and sentenced the defendant to a seven-year term of imprisonment. Regarding presentence credit (730 ILCS 5/5—8—7(b) (West 2004)), defense counsel requested credit for time the defendant spent in jail since the court granted the State's petition to revoke his TASC probation. Defense counsel also requested credit for time the defendant spent on probation. The court stated that the defendant had "never been in custody on the petition to revoke here. He's always remained in custody of Cook County. So the sentence, he's not entitled to any credit since the filing of the petition to revoke ***." The court thus denied these requests, finding that the defendant was entitled to credit "only [for] the dates that he was in custody of the Will County Sheriff." The defendant appealed.

## ANALYSIS

On appeal, the defendant argues that counsel was ineffective for failing to surrender him in exoneration of his Will County recognizance bond while he was in the custody of the Cook County jail on an unrelated offense.

To establish a valid claim of ineffective assistance of counsel, a defendant must show that: (1) his attorney's conduct fell below an objective standard of reasonableness; and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). The defendant bears the burden of overcoming a strong presumption in favor of finding that counsel's advocacy was effective. *Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246. Inquiries of counsel's effectiveness may not extend into areas of trial strategy or tactics. *People v. Gapski*, 283 Ill. App. 3d 937, 670 N.E.2d 1116 (1996).

Pursuant to section 5—8—7(b) of the Unified Code of Corrections, a defendant is to receive credit against his sentence for time spent in custody as a result of the offense for which the sentence is imposed. 730 ILCS 5/5—8—7(b) (West 2004). A defendant may receive section 5—8—7(b) credit for time spent in custody on a pending petition to revoke his probation. See *People v. Morrison*, 298 Ill. App. 3d 241, 698 N.E.2d 671 (1998).

When a defendant is out on bond pursuant to one offense and is subsequently arrested and returned to custody on a second offense, the defendant is returned to custody on the initial offense when his bond is withdrawn or revoked. *People v. Arnhold*, 115 Ill. 2d 379, 504 N.E.2d 100 (1987); *People v. Hatchett*, 203 Ill. App. 3d 989, 560 N.E.2d 1347 (1990). Thus, when a defendant is brought into custody on the second offense and then surrenders in exoneration of the bond he

posted on a previous offense, he is in simultaneous pretrial custody for both offenses. *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996). Under these circumstances, the defendant is entitled to section 5—8—7(b) presentence credit for both offenses. *Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305.

In an instance where defense counsel is aware that the defendant is in custody in another jurisdiction, "[i]t behoove[s] defense counsel to move to withdraw the bond posted in the instant case in order to allow the defendant to earn credit against his eventual sentences in the instant case at the same time that he earned credit against his sentence in the [other jurisdiction]." *People v. DuPree*, 353 Ill. App. 3d 1037, 1049, 820 N.E.2d 560, 570 (2004).

An appellate court has authority to issue a direct order to the clerk of the circuit court to make necessary corrections. *People v. Hernandez*, 345 Ill. App. 3d 163, 803 N.E.2d 577 (2004). In general, an appellate court will correct the mittimus when the requisite correction is clearly reflected by the record. See *Hernandez*, 345 Ill. App. 3d 163, 803 N.E.2d 577.

In this case, on August 18, 2005, the court placed the defendant on TASC probation. Thereafter, on November 29, 2006, the State filed a petition to revoke the defendant's probation because of a criminal conviction in Cook County. On January 23, 2007, at the initial hearing on the petition to revoke and in the presence of the public defender, the defendant stated that he was "in [the] custody of Cook County." At this time, there was some uncertainty about whether the defendant was represented by the public defender. In any event, the defendant was entitled to the effective assistance of counsel. Had he received effective assistance, counsel would have moved to surrender the defendant in exoneration of his bond. Further, had the defendant surrendered in exoneration of his Will County recognizance bond, the court would have granted the surrender. See *Hatchett*, 203 Ill. App. 3d 989, 560 N.E.2d 1347.

We conclude that defendant was prejudiced by the failure to surrender in exoneration of his bond. The trial court denied the defendant's instant request for credit, finding that he had never been in the custody of Will County on the instant petition to revoke and would only receive credit for time spent in custody in Will County. However, if counsel had surrendered the defendant in exoneration of his Will County recognizance bond, he would have been in simultaneous custody on both offenses and thus would have received section 5—8—7(b) credit for both offenses. We therefore hold that the defendant is entitled to additional credit because he did not receive effective assistance of counsel.

The operative period of time for additional credit is from January 23, 2007, when the public defender was made aware that the defendant was being held in the custody of Cook County, to November 20, 2007, the date of sentencing. That period totals 302 days. However, "a defendant will not be credited for the day of sentencing" because this day signifies the first day of his sentence, rather than the last day of presentence incarceration. *People v. Foreman*, 361 Ill. App. 3d 136, 157, 836 N.E.2d 750, 768 (2005). Accordingly, we direct the clerk to amend the mittimus to reflect 301 days of presentence credit.

## CONCLUSION

The judgment of the circuit court of Will County is modified.

Order modified.

LYTTON, J., concurs.

JUSTICE SCHMIDT, dissenting:

The majority holds that defense counsel's performance was deficient because he failed to surrender defendant in exoneration of his recognizance bond, which would have resulted in an additional 302 days of credit on his Will County sentence. I disagree.

Defendant's contention is simply unsupported by the record. To establish that counsel was ineffective, the defendant must overcome the strong presumption that the challenged inaction may have been the product of competent trial strategy. *People v. Richardson*, 189 Ill. 2d 401, 411, 727 N.E.2d 362, 360 (2000). Here, the record is silent as to defendant's or counsel's position regarding whether or not to seek exoneration of the bond. More importantly, the record is silent as to whether or not defendant or his counsel expected him to be released from Cook County custody.

I cannot agree that it is, *ipso facto*, ineffective assistance of counsel for an attorney not to surrender a bond under this type of situation. Defendant's claim would be more appropriately addressed in a post-conviction proceeding, where a sufficient record could be developed. See *People v. Parker*, 344 Ill. App. 3d 728, 737, 801 N.E.2d 162, 168-69 (2003).

For the foregoing reasons, I respectfully dissent.