# Illinois Official Reports

## Appellate Court

***People v. Wynn*, 2013 IL App (2d) 120575**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN N. WYNN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-12-0575 |
| Filed | December 26, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an appeal challenging the fines, fees, and costs imposed on defendant, the appellate court first vacated the Children's Advocacy Center fine as imposed by the clerk of the circuit court and then the court reimposed that fine; defendant was entitled to a $5-per-day credit against his fines for his presentence custody, and that credit applied to the Children's Advocacy Center fine, the drug court/mental health court fee, State Police operations assessment, the domestic violence fine, the juvenile expungement fine, and the court system finance fee; the $25 Violent Crime Victims Assistance Fund fine was vacated and a $32 fine was imposed in its place, but that fine is not subject to the $5-per-day credit; the appellate court did not consider the public defender fee, as it lacked jurisdiction in the absence of an appeal from the order imposing that fee; and the cause was remanded for a reduction of the probation fees to reflect the time defendant was supervised and for recalculation of the delinquency fee to reflect the modification of the other fines and fees. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 11-CF-1480; the Hon. James K. Booras, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed as modified in part and vacated in part; cause remanded. |
| Counsel on Appeal | Thomas A. Lilien and Jaime L. Montgomery, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | Michael G. Nerheim, State's Attorney, of Waukegan (Lawrence M. Bauer and Matthew J. Schmidt, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. Justices Hutchinson and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1 Pursuant to a negotiated plea agreement, defendant, Brian N. Wynn, pleaded guilty to domestic battery (enhanced) (720 ILCS 5/12-3.2(a)(2) (West 2010)) in return for a sentence of 18 months' probation. In sentencing defendant, the court also imposed various fines and fees that defendant never challenged. Soon thereafter, the State petitioned to revoke defendant's probation when he failed to comply with several probationary terms. The trial court granted the petition to revoke and sentenced defendant to three years' imprisonment. Defendant moved to reconsider, and, following a hearing, the court reduced defendant's sentence to 2½ years. On appeal, defendant argues that (1) the clerk of the circuit court could not impose the $5 Children's Advocacy Center fine; (2) he is entitled to a $5 credit against his fines for each day he served in presentencing custody; (3) the public defender fee the court imposed must be vacated because, before assessing that fee, the court failed to hold a hearing on defendant's ability to pay; (4) any probation fees charged for the time defendant was not serving probation must be vacated; and (5) the delinquency fee assessed against defendant must be vacated, as it is based on an incorrect unpaid balance amount. The State in essence agrees, but it claims that defendant's Violent Crime Victims Assistance Fund fine is improper and that this court lacks jurisdiction to consider the propriety of the public defender fee. For the reasons that follow, we affirm as modified in part, vacate in part, and remand.

¶ 2 I. BACKGROUND

¶ 3 The following facts are relevant to resolving the issues raised on appeal. In June 2011, defendant was charged with aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2010)), four counts of domestic battery (enhanced), obstructing justice (720 ILCS 5/31-4(a) (West 2010)), and unlawful restraint (720 ILCS 5/10-3(a) (West 2010)). Pursuant to a plea agreement, defendant pleaded guilty to one count of domestic battery (enhanced) in exchange for, among other things, a sentence of 18 months' probation. In imposing this term of probation

on September 2, 2011, the court assessed against defendant various fines and fees, which, as the court stated, totaled $2,394. Included in these fines and fees was a $5 drug court/mental health court fee;[1] a $10 specialty court fee; a $7 State Police operations assessment; a $200 domestic violence fine; a $30 juvenile expungement fine; a $50 court system finance fee; and $900 in probation fees.[2] Additionally, the court imposed a $750 public defender fee; the court assessed a $25 Violent Crime Victims Assistance Fund fine; and the clerk of the court imposed a $5 Children's Advocacy Center fine. Further, the record reflects that defendant spent 115 days in presentencing custody and that he was entitled to a $5-per-day credit against his fines for the time he had served. However, this credit was never applied.

¶ 4        Five months later, the State petitioned to revoke defendant's probation, because defendant failed to comply with his probationary terms. For example, the State alleged that defendant had been arrested for aggravated battery to a child, aggravated battery, and domestic battery. While the petition to revoke was pending, defendant's attorney advised the court that defendant was on probation from September 2, 2011, until January 25, 2012, which is when he was arrested for having committed these new crimes.

¶ 5        Following a hearing on the petition, which was held on March 16, 2012, the court revoked defendant's probation, and the court sentenced him to three years' imprisonment on May 15, 2012. Defendant moved to reconsider, and the court reduced defendant's sentence to 2½ years. Defense counsel noted that defendant had been in custody for 235 days, and she asked that defendant receive a "$5 a day credit towards the statutory fines." The court said that "[it] will award [that], yes." According to the supplemental record submitted to this court, defendant was not given this credit, and he was assessed a delinquency fee of $718.[3] Defendant filed a notice of appeal on May 22, 2012.

¶ 6                                    II. ANALYSIS
¶ 7        On appeal, defendant raises several issues related to the fines and fees imposed against him. Specifically, he argues that (1) the clerk of the court could not impose the $5 Children's Advocacy Center fine; (2) he is entitled to a $5 credit against his fines for each day he served in presentencing custody; (3) the public defender fee the court imposed must be vacated because, before assessing that fee, the court failed to hold a hearing on defendant's ability to pay; (4) any probation fees charged for the time defendant was not serving probation must be vacated; and (5) the delinquency fee assessed against him must be vacated, as it is based on an incorrect

---

[1]As defendant observes, the drug court/mental health court fee is listed as two separate assessments: $4.75 for a drug court/mental health court fee and $0.25 for the Circuit Court Clerk Operation and Administrative Fund. The applicable statute reflects that the total fee of $5 was properly assessed in this case. See 55 ILCS 5/5-1101(f) (West 2010).

[2]The $900 in probation fees is based on a charge of $50 per month, with, it appears from the supplemental record, $864 covering probation services and $36 going to crime victim services (see 730 ILCS 5/5-6-3(i) (West 2010)).

[3]The supplemental record lists the $718 fee as "Harris and Harris." Defendant claims that this, in actuality, is a delinquency fee, and the State agrees.

unpaid balance amount. The State essentially concedes error on all of these points except one. That is, the State claims that this court lacks jurisdiction to consider the propriety of the public defender fee. The State also contends that the Violent Crime Victims Assistance Fund fine must be modified. We consider in turn each of the issues raised.

¶ 8     Before addressing these issues, we note that defendant never raised in the trial court any issue related to the fines and fees imposed. He claims that he may take issue with them now, because void orders may be attacked at any time. See *People v. Martino*, 2012 IL App (2d) 101244, ¶ 17. As noted, the State concedes that defendant may raise these issues, except for the public defender fee, for the first time on appeal. Accordingly, we will address each of the issues, and, in so doing, we will consider whether this court has jurisdiction over the public defender fee. See *id.* Moreover, we observe that, because the issues raised concern pure questions of law, including the construction of a statute, our review is *de novo*. See *id.* ¶¶ 21, 26; *People v. Carter*, 392 Ill. App. 3d 520, 523 (2009) (courts employ a *de novo* standard of review when the issues raised concern questions of law and there are no disputed factual issues).

¶ 9                              A. Children's Advocacy Center Fine

¶ 10    The first issue we address is whether the clerk of the circuit court could impose the $5 Children's Advocacy Center fine. The Children's Advocacy Center fine is a mandatory fine. See 55 ILCS 5/5-1101(f-5) (West 2010). Thus, it must be imposed. *People v. Evangelista*, 393 Ill. App. 3d 395, 401 (2009). However, even though the fine is mandatory, the clerk of the court lacks the authority to impose it. *Id.* When the clerk, and not the trial court, assesses the fine, this court may vacate the fine and reimpose it. *Id.* Accordingly, here, we vacate the $5 Children's Advocacy Center fine and reimpose it. *Id.*

¶ 11                                          B. Credit

¶ 12    We next address whether defendant is entitled to a $5-per-day credit against his fines for the time he spent in presentencing custody. Section 110-14(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14(a) (West 2010)) delineates under what circumstances a defendant is entitled to presentencing credit. Specifically, section 110-14(a) provides:

> "Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine." *Id.*

Here, defendant was in custody for at least 115 days. Thus, defendant is entitled to a credit of at least $575 against those fines to which section 110-14(a) applies.

¶ 13    Defendant argues that he is entitled to this credit for the following assessments: (1) the $5 Children's Advocacy Center fine; (2) the $5 drug court/mental health court fee; (3) the $10 specialty court fee; (4) the $7 State Police operations assessment; (5) the $200 domestic violence fine; (6) the $30 juvenile expungement fine; and (7) the $50 court system finance fee. Our supreme court has concluded that a drug court/mental health court assessment, though labeled a fee (see 55 ILCS 5/5-1101(d-5) (West 2010)), is, in actuality, a fine subject to the

- 4 -

monetary credit. *People v. Graves*, 235 Ill. 2d 244, 255 (2009). Likewise, courts have found that Children's Advocacy Center assessments (55 ILCS 5/5-1101(f-5) (West 2010)), specialty court charges (55 ILCS 5/5-1101(d-5) (West 2010)), State Police operations assessments (705 ILCS 105/27.3a(1.5) (West 2010)), and domestic violence charges (730 ILCS 5/5-9-1.5 (West 2010)) are fines subject to the $5-per-day credit. See *Graves*, 235 Ill. 2d at 254-55 (specialty court fee is a fine subject to credit); *People v. Millsap*, 2012 IL App (4th) 110668, ¶ 31 (State Police operations fee is a fine subject to credit); *People v. Maldonado*, 402 Ill. App. 3d 411, 435-36 (2010) (Children's Advocacy Center charge is a fine subject to credit); *People v. Irvine*, 379 Ill. App. 3d 116, 132-33 (2008) (domestic violence charge is a fine subject to credit).

¶ 14    What is less clear is whether the $30 juvenile expungement fine and the $50 court finance fee are also subject to the $5-per-day credit. Although no other court has looked at whether these charges are actually fines or fees, defendant claims that they are fines, and the State concedes that they are.

¶ 15    In determining whether a charge is a fine or a fee, the most important factor "is whether the charge seeks to compensate the state for any costs incurred as the result of prosecuting the defendant." *Graves*, 235 Ill. 2d at 250. A "fine," which is punitive, seeks to penalize a defendant who has been convicted of a crime. *Id.* In contrast, "[a] charge is a fee if and only if it is intended to reimburse the state for some cost incurred in [the] defendant's prosecution." *People v. Jones*, 223 Ill. 2d 569, 600 (2006).

¶ 16    The juvenile expungement fine was imposed pursuant to section 5-9-1.17 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-9-1.17 (West 2010)), which provides that "[t]here shall be added to every penalty imposed in sentencing for a criminal offense an additional fine of $30 to be imposed upon a plea of guilty or finding of guilty resulting in judgment of conviction."[4] 730 ILCS 5/5-9-1.17(a) (West 2010). Section 5-9-1.17(b) of the Unified Code (730 ILCS 5/5-9-1.17(b) (West 2010)) indicates that the charge will be used to expunge juvenile records and is in no way related to the prosecution of the adult defendant against whom the charge is levied. Given that the juvenile expungement fine is added to "every penalty" (see 730 ILCS 5/5-9-1.17(a) (West 2010)) and is used for things having nothing to do with the defendant against whom it is imposed, we must conclude that it is truly a fine and thus is subject to the $5-per-day credit. See *Jones*, 223 Ill. 2d at 593 (when a charge is added to every penalty it is a fine).

¶ 17    The $50 court system finance fee was imposed pursuant to section 5-1101(c)(1) of the Counties Code (55 ILCS 5/5-1101(c)(1) (West 2010)). Section 5-1101(c)(1) of the Counties Code provides that, when a judgment of guilty is entered in a defendant's felony case, a "fee" of $50 shall be imposed upon the defendant. *Id.* This "fee" is in place to finance the court system. See *Graves*, 235 Ill. 2d at 253. Because, like the juvenile expungement fine and the other charges with which defendant takes issue, this charge is imposed upon every defendant who is found guilty in a felony case, regardless of what transpired in the defendant's case, it is a penalty, and, as a penalty, it is subject to the $5-per-day credit. *Id.* (noting that other "fees" in

---

[4]The juvenile expungement fine is comprised of a $10 charge for the State Police Services Fund, a $10 charge for the State's Attorney's office that prosecuted the case, and a $10 charge for the Circuit Court Clerk Operation and Administrative Fund. 730 ILCS 5/5-9-1.17(b) (West 2010).

section 5-1101 of the Counties Code are actually fines, because they do not compensate the State for prosecuting a particular defendant, they are imposed only after a defendant is convicted, and they further the State's interest in financing the court system).

¶ 18    Accordingly, the $5 Children's Advocacy Center fine; the $5 drug court/mental health court fee; the $10 specialty court fee; the $7 State Police operations assessment; the $200 domestic violence fine; the $30 juvenile expungement fine; and the $50 court system finance fee, which fines total $307, must be fully credited for the time defendant served in custody before sentencing.

¶ 19                              C. Violent Crime Victims Assistance Fund Fine

¶ 20    In the opening paragraph of the argument portion of defendant's brief, he claims that his $25 Violent Crime Victims Assistance Fund fine is improper. Nowhere in the substance of his argument does defendant elaborate on this point. In its brief, the State agrees with defendant and proposes that defendant's $25 fine be vacated and that a $32 fine be imposed instead.[5]

¶ 21    Section 10 of the Violent Crime Victims Assistance Act (725 ILCS 240/10 (West 2010)) provides for the Violent Crime Victims Assistance Fund fine. It states, in relevant part:

> "(b) *** [T]here shall be an additional penalty collected from each defendant upon conviction *** of $4 for each $40, or fraction thereof, of fine imposed. ***
>
> (c) When any person is convicted in Illinois *** of an offense listed below *** and *no other fine is imposed*, the following penalty shall be collected by the Circuit Court Clerk:
>
> > (1) $25, for any crime of violence as defined in subsection (c) of Section 2 of the Crime Victims Compensation Act; and
> > (2) $20, for any other felony or misdemeanor, excluding any conservation offense." (Emphasis added.) 725 ILCS 240/10(b), (c) (West 2010).

¶ 22    Here, as indicated above, the trial court imposed many fines in addition to the Violent Crime Victims Assistance Fund fine. Thus, it was improper for the court to charge defendant a $25 Violent Crime Victims Assistance Fund fine under section 10(c).

¶ 23    Instead, under section 10(b), the court should have imposed a fine of $4 for each $40 or fraction thereof of other fines imposed. Accepting that the $307 in fines listed above are the only charges characterized as fines in this case (see *Martino*, 2012 IL App (2d) 101244, ¶ 54), we determine that defendant's Violent Crime Victims Assistance Fund fine should be $32, as $307 divided by $40 is 7.65, and 8 (which represents each $40 in fines *or fraction thereof*) multiplied by $4 is $32. *Id.*

¶ 24    Accordingly, we vacate the $25 Violent Crime Victims Assistance Fund fine and impose a $32 fine in its place. *Id.* ¶ 56. In doing so, we note that this fine is not subject to the $5-per-day credit. See 725 ILCS 240/10(b), (c) (West 2010); *People v. Molidor*, 2012 IL App (2d) 110006, ¶ 18.

---

[5]The State indicates in its brief that the trial court's fine is $20. The record reveals that the court imposed a $25 fine.

¶ 25                          D. Public Defender Fee

¶ 26    Section 113-3.1(a) of the Code (725 ILCS 5/113-3.1(a) (West 2010)) authorizes the trial court to order a criminal defendant for whom counsel has been appointed to pay a reasonable amount to reimburse the county or the state. However, prior to ordering reimbursement, the trial court must conduct a hearing concerning the defendant's financial resources. *Id.*; *People v. Love*, 177 Ill. 2d 550, 559 (1997). The hearing "shall be conducted on the court's own motion or on motion of the State's Attorney *** no later than 90 days after the entry of a final order disposing of the case at the trial level." 725 ILCS 5/113-3.1(a) (West 2010).

¶ 27    Before we could address whether a proper hearing was conducted in this case, we must consider whether this court has jurisdiction to consider this issue. The State claims that this court lacks jurisdiction over this issue, because defendant did not file a timely appeal from the probation order that set the public defender fee.

¶ 28    Instructive on the issue of this court's jurisdiction is *People v. Morrison*, 298 Ill. App. 3d 241 (1998). There, the defendant pleaded guilty to attempted aggravated criminal sexual abuse (720 ILCS 5/8-4(a), 12-16(d) (West 1996)), and he was sentenced to a term of probation. *Morrison*, 298 Ill. App. 3d at 242. In imposing probation, the court, without first holding a hearing on the defendant's ability to pay, ordered the defendant to pay a $350 public defender fee. *Id.* Almost two months later, the State petitioned to revoke the defendant's probation. *Id.* The court granted that motion, sentenced the defendant, and denied the defendant's motion to reconsider. *Id.* at 242-43.

¶ 29    On appeal, the defendant argued for the first time, among other things, that the $350 public defender fee must be vacated, because the court never held a hearing on the defendant's ability to pay. *Id.* at 243-44. The appellate court determined that it lacked jurisdiction to consider whether the public defender fee was properly imposed. *Id.* at 244. In so holding, the court observed:

> "Jurisdiction to consider errors arising under a particular judgment of the trial court is conferred on the appellate court by the timely filing of a notice of appeal. [Citation.] If the defendant fails to appeal from the judgment, this court has no authority to review a claim of error unless the judgment was void, in which case the error may be corrected at any time. [Citation.] An appeal from a sentence entered upon revocation of probation does not revive voidable errors in guilty plea proceedings. [Citation.]" *Id.*

With regard to the public defender fee in particular, the court noted that "[t]he trial court's failure to conduct a hearing prior to ordering reimbursement does not defeat its jurisdiction, but constitutes an erroneous exercise of power." *Id.* Thus, "a reimbursement order entered without a hearing is voidable, not void." *Id.* Because the defendant failed to timely appeal the public defender fee when it was imposed, the court found that it lacked jurisdiction to consider it. *Id.*

¶ 30    Here, as in *Morrison*, the order providing that defendant pay a public defender fee was, at most, voidable. Thus, for this court to consider whether the fee was properly imposed, defendant had to timely appeal from the order imposing it. Defendant did not. See Ill. S. Ct. R. 606(b) (eff. Mar. 20, 2009). Accordingly, this court lacks jurisdiction to rectify any error that

arose when the court imposed the public defender fee.[6]

¶ 31                            E. Probation Fees

¶ 32        Section 5-6-3 of the Unified Code (730 ILCS 5/5-6-3 (West 2010)) provides that "[t]he court shall impose upon an offender sentenced to probation *** as a condition of such probation *** a fee of $50 for each month of probation *** ordered by the court." This section further indicates that "[t]he fee shall be imposed only upon an offender who is actively supervised by the probation and court services department." *Id.*

¶ 33        Here, the parties agree, and the record reflects, that defendant was not actively supervised by the probation department for the entire 18 months of his probation. Accordingly, because we do not know for how long defendant was supervised, we, as the parties suggest, remand for the appropriate reduction of probation fees.

¶ 34                            F. Delinquency Fee

¶ 35        Section 27.2(gg) of the Clerks of Court Act (705 ILCS 105/27.2(gg) (West 2010)) permits the imposition of a delinquency fee. Specifically, it provides:

> "Unless a court ordered payment schedule is implemented or the fee requirements of this Section are waived pursuant to court order, the clerk of the court may add to any unpaid fees and costs under this Section a delinquency amount equal to 5% of the unpaid fees that remain unpaid after 30 days, 10% of the unpaid fees that remain unpaid after 60 days, and 15% of the unpaid fees that remain unpaid after 90 days." *Id.*

¶ 36        Here, the parties agree that defendant was assessed a delinquency fee of $718. This fee was based on the total amount of fines and fees imposed, *i.e.*, $2,394. Because this amount does not take into consideration the $5-per-day credit and the reduced probation fees, we must remand for the circuit clerk to recalculate any delinquency fee based upon the modified amount of fines and fees.

¶ 37                        G. Summary of Fines and Fees

¶ 38        In conclusion, we determine that $307 must be credited against defendant's fines for the time he served in custody before sentencing and that defendant's Violent Crime Victims Assistance Fund fine must be $32. We vacate the probation and delinquency fees and remand the cause for recalculations. We also determine that, because we lack jurisdiction to consider defendant's public defender fee, we cannot modify it in any way.

¶ 39                            III. CONCLUSION

¶ 40        For the above-stated reasons, the judgment of the circuit court of Lake County is affirmed as modified in part and vacated in part, and the cause is remanded for further proceedings

---

[6]As an aside, we note that we are able to correct the other assessments because, as imposed, they are void. *People v. Thompson*, 209 Ill. 2d 19, 27 (2004) (void order may be attacked at any time); *People v. Arna*, 168 Ill. 2d 107, 113 (1995) (sentencing order containing a fine contrary to statute is void). Also, defendant could seek the $5-per-day credit at any time. *People v. Caballero*, 228 Ill. 2d 79, 88 (2008).

consistent with this court's opinion.

¶ 41    Affirmed as modified in part and vacated in part; cause remanded.