**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240353-U

Order filed February 5, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-24-0353 |
| v. | ) | Circuit No. 21-CF-381 |
| | ) | |
| KEITH M. SUMMERS, | ) | Honorable |
| | ) | Mia S. McPherson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HETTEL delivered the judgment of the court.
Justices Holdridge and Brennan concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  (1) The appellate record is insufficient to establish that trial counsel was ineffective for failing to request that the court allow defendant to surrender his bond in the instant case once he was taken into custody in another county. (2) Defendant's conviction for residential burglary when he was 17 years old could serve as a predicate offense for being an armed habitual criminal.

¶ 2     Defendant, Keith M. Summers, appeals from his conviction for being an armed habitual criminal (AHC) arguing trial counsel provided ineffective assistance for failing to move to surrender his bond on this case when he was taken into custody on an unrelated matter in Cook

County. Further, defendant contends that the State failed to prove the required predicate offenses for AHC where one of his prior convictions occurred when he was 17 years old. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        On March 23, 2021, defendant was indicted with being an AHC (720 ILCS 5/24-1.7 (West 2020)) and unlawful use of a weapon by a felon (UUWF) (*id.* § 24-1.1(a), (e)). Relevant to this appeal, the AHC charge alleged that on or about March 4, 2021, defendant possessed a firearm after having been previously convicted of residential burglary and UUWF. Defendant was arrested on these charges on March 4, 2021, and was released after posting bond on March 10. Defendant hired private counsel who entered her appearance on March 8, 2021.

¶ 5        On August 27, 2021, defendant was arrested and charged with additional offenses in Cook County. Counsel filed her appearance in defendant's Cook County case on October 26, 2021. Defendant remained in the custody of Cook County from August 27, 2021, until he was transferred to the Department of Corrections (DOC) on September 22, 2022. Counsel made the court aware of defendant's custody status. In late January and early March 2022, counsel withdrew from defendant's cases in both counties because new counsel was taking over representation of defendant. On April 22, 2022, new counsel entered his appearance in the instant case.

¶ 6        The instant case proceeded to a bench trial on April 10, 2023. The evidence at trial established that during the execution of a search warrant, a firearm was discovered in defendant's bedroom near his social security card, driver's license, and debit card. DNA testing was completed on the firearm and defendant's DNA could not be excluded as the major contributor. Further, evidence was presented that defendant had been previously convicted of a

residential burglary in 2012 when he was 17 years old and UUWF in 2014. The court found defendant guilty on both counts. Defendant's motion to reconsider or for a new trial was denied.

¶ 7 The court sentenced defendant to eight years' imprisonment on his AHC conviction. Defendant was granted sentencing credit from the time he entered the DOC on September 22, 2022, until October 18, 2023, the date he was sentenced. Defendant was also awarded seven days of sentencing credit for the time he spent in custody from March 4, 2021, until he posted bond on March 10.

¶ 8 On November 14, 2023, defendant sent a letter to the court requesting additional sentencing credit for the time he spent in custody in Cook County prior to being transferred to the DOC. On December 1, 2023, the court denied the request. On December 8, 2023, defendant filed another letter requesting that the days he spent in custody be credited toward his sentence. In January 2024, the court entered an order stating that defendant's sentencing credit calculation had been confirmed and the dates for the time he spent in custody on the instant matter were correct. The court noted that it had no jurisdiction to review any matters regarding his Cook County cases. This court granted defendant's motion for leave to file a late notice of appeal, and this appeal followed.

¶ 9                                    II. ANALYSIS

¶ 10 On appeal, defendant argues that both his trial counsel rendered ineffective assistance by failing to move to surrender the bond in the instant case while he was in the custody of Cook County on an unrelated matter. Further, defendant contends that the State failed to prove the required predicate offenses for AHC where one of his prior convictions occurred when he was 17 years old. We consider each argument in turn.

¶ 11                          A. Ineffective Assistance of Counsel

3

¶ 12    To establish a claim of ineffective assistance of counsel, a defendant must show that: (1) his attorney's conduct fell below an objective standard of reasonableness; and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish that counsel performed deficiently, defendant must overcome a strong presumption that the challenged action may have been the product of sound strategy. *People v. Evans*, 186 Ill. 2d 83, 93 (1999).

¶ 13    Generally, a defendant shall be given sentencing credit "for the number of days spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-4.5-100(b) (West 2020). "When a defendant is out on bond pursuant to one offense and is subsequently arrested and returned to custody on a second offense, the defendant is returned to custody on the initial offense when his bond is withdrawn or revoked." *People v. Centeno*, 394 Ill. App. 3d 710, 713 (2009). When a defendant's bond is withdrawn or revoked on the initial offense, he is in simultaneous credit on each offense and is entitled to sentencing credit on both. *People v. Robinson*, 172 Ill. 2d 452, 459 (1996).

¶ 14    Defendant argues that because both counsels knew, or should have known, that defendant was in custody on his Cook County case while out on bond in the instant case, their representation fell below an objective standard of reasonableness where, but for their omission, defendant would have been entitled to an additional 331 days of sentencing credit against his sentence. In support of this contention, defendant cites our prior ruling in *Centeno*.

¶ 15    In *Centeno*, this court found that counsel performed deficiently by failing to move to surrender his bond in Will County when defendant was in custody in Cook County. *Centeno*, 394 Ill. App. 3d at 714. The court stated, "it behooves defense counsel to move to withdraw the bond posted in the instant case in order to allow the defendant to earn credit against his eventual

4

sentences in the instant case at the same time that he earned credit against his sentence in the other jurisdiction." (Internal quotation marks omitted.) *Id.* at 714. Further, it found that defendant was prejudiced because he would have been entitled to the sentencing credit. *Id.* The dissent pointed out that the record was silent as to any discussions with defendant about his bond or reasons for failing to so move. *Id.* at 715 (Schmidt, J., dissenting). The dissent indicated that defendant's claim was better suited for postconviction proceedings where a sufficient record could be developed. *Id.*

¶ 16    Shortly thereafter, in *People v. Nesbit*, 398 Ill. App. 3d 200, 215 (2010), a different panel of this court agreed with the *Centeno* dissent and found that the record was insufficient to review the ineffective assistance of counsel claim where "[t]he record [was] *** silent as to whether appointed counsel or private counsel discussed surrendering the bond with defendant." The court reasoned that "[p]erhaps, defendant preferred to remain in the [DOC] rather than the county jail for reasons unknown. It is also plausible that defendant and counsel discussed that, without a surrender, the posted funds would be available in the future for assignment to private counsel for legal services rendered." *Id.*

¶ 17    We agree with this court's decision in *Nesbit*. In addition to the reasons highlighted above (*supra* ¶ 16), defendants may also reject surrendering their bond when they anticipate being released from custody in their other case. While these reasons may or may not apply to the instant case, legitimate reasons do exist for failing to request a surrender of defendant's bond. The record before us is silent regarding both defense counsel and defendant's positions on surrendering his Du Page County bond. With the record before us, we can only speculate as to whether counsel performed deficiently by failing to move for a surrender of defendant's bond. Because the record is insufficient for us to determine whether counsel performed deficiently, we

decline to rule on defendant's claim. This claim is better suited for postconviction proceedings where an adequate record can be developed. See *Nesbit*, 398 Ill. App. 3d at 215; *People v. Blair*, 2015 IL App (4th) 130307, ¶ 47.

¶ 18                                    B. Sufficiency of the Evidence

¶ 19        Initially, defendant argued that his conviction for AHC should be reversed because the State failed to prove that he had two qualifying predicate felony convictions. Defendant asserted that due to the 2014 amendment of the Act, his conviction for residential burglary, which occurred when he was 17 years old, would have resulted in a juvenile adjudication as opposed to a qualifying criminal conviction. In his reply brief, defendant acknowledges the Illinois Supreme Court's recent decision in *People v. Wallace*, 2025 IL 130173, and its effect on this issue.

¶ 20        In *Wallace*, our supreme court held that a prior felony conviction committed when a defendant was 17 years old could serve as a predicate offense to sustain an AHC conviction, noting that the statutory language provides no indication that the legislature intended to incorporate the amended juvenile adjudication scheme under the Act into the AHC statute. *Id.* ¶¶ 19-20. Thus, defendant's 2012 residential burglary conviction is a qualifying predicate offense. Accordingly, the State presented sufficient evidence to sustain the AHC conviction.

¶ 21                                          III. CONCLUSION

¶ 22        The judgment of the circuit court of Du Page County is affirmed.

¶ 23        Affirmed.