2019 IL App (1st) 153155
No. 1-15-3155
Opinion filed January 22, 2019

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | No. 14 CR 11289 |
| v. | ) | |
| | ) | The Honorable |
| JODIE CHRISTIAN, | ) | Charles P. Burns |
| | ) | Judge, presiding. |
| Defendant-Appellant. | ) | |

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Mason and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant Jodie Christian was found guilty of two counts of aggravated criminal sexual abuse and sentenced to concurrent terms of four years and six months in prison. The conviction stems from the sexual assault of a 14-year-old victim in January 2014, when Christian was 38 years old. Section 3 of the Sex Offender Registration Act (Registration Act) required Christian to register as a sex offender. 730 ILCS 150/3 (West 2014).

¶ 2     Christian does not challenge the sufficiency of the evidence against him or his sentence. Instead, he claims the Registration Act violates his constitutional rights to due process and to be free from disproportionate penalties. Christian also contends he is entitled to seven additional

days of sentencing credit. Finally, Christian argues his fines and fees order should be amended by vacating one fee and applying monetary credit against several other assessments.

¶ 3     Based on the Illinois Supreme Court's holding in *People v. Bingham*, 2018 IL 122008, we dismiss Christian's constitutional claims. We vacate the $5 electronic citation fee, give Christian presentence custody credit for the $15 state police operations fee, and find, based on our supreme court's holding in *People v. Clark*, 2018 IL 122495, and longstanding appellate court precedent, that all other assessments are fees not fines and are not subject to presentence custody credit. We direct the clerk of the circuit court to correct the fines and fees order accordingly.

¶ 4                                    BACKGROUND

¶ 5     Christian was charged with one count of criminal sexual assault and seven counts of aggravated sexual abuse of a 14-year-old high school freshman. He opted for a bench trial. After the testimony at trial, Christian moved for a directed finding. The trial court granted the motion as to all counts with a caretaker element and denied it as to all other counts. Christian rested and after hearing arguments, the trial court found Christian guilty of two counts of aggravated criminal sexual abuse, based on a January 2014 incident. Christian filed a motion for a new trial, which the trial court denied.

¶ 6     The trial court sentenced Christian to two concurrent terms of four and a half years in prison. Christian received presentence custody credit of 102 days. He was assessed $409 in fines and fees and given an $80 credit, for a total owed of $329. The trial court also gave him two years of mandatory supervised release.

¶ 7                                    ANALYSIS

¶ 8                        Sexual Offender Registration Act

¶ 9        Christian contends the Registration Act (730 ILCS 150/1 *et seq.* (West 2014)) violates his substantive and procedural due process rights and is punitive and violates proportionate penalties. Specifically, as to substantive due process, he argues the Registration Act infringes on his fundamental liberty and does not rationally advance the goal of protecting the public from recidivist offenders. He also argues the Registration Act violates procedural due process by failing to accord defendants a reasonable individualized assessment before depriving them of their liberty. Lastly, he contends the punishment imposed by the Registration Act is punitive and violates the cruel and unusual clause and proportionate penalty clause of the Illinois and United States Constitutions.

¶ 10       After briefing, the State obtained leave to cite as additional authority the Illinois Supreme Court's decision in *Bingham*, 2018 IL 122008. In *Bingham*, the Illinois Supreme Court answered whether a reviewing court has the power on direct appeal of a criminal conviction to order that a defendant be relieved of his or her obligation to register as a sex offender. In *Bingham*, the defendant was convicted of felony theft and sentenced to three years in prison. *Id.* ¶ 1. The defendant had a prior conviction for a 1983 attempted criminal sexual assault, but he was not required to register as a sex offender at that time because the conviction occurred before the 1986 enactment of the Registration Act. *Id.* Under section 3(c)(2.1) of the Registration Act, as amended in 2011, the defendant's felony conviction triggered a requirement that he register as a sex offender based on his 1983 conviction for attempted criminal sexual assault. *Id.*

¶ 11       Before the appellate court, the defendant argued that the Registration Act's registration requirement was unconstitutional as applied to him on due process grounds and that it violated

the *ex post facto* clauses of the United States and Illinois Constitutions. *Id.* ¶ 2. The appellate court addressed the merits of the defendant's claims and rejected them, upholding the Registration Act's constitutionality. *Id.*

¶ 12    The supreme court, however, vacated that part of the appellate court's opinion addressing the registration requirement's constitutionality. *Id.* ¶ 3. The court noted that under Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967), the scope of appellate review depends on the trial court's judgment and the proceedings and orders related to it. In criminal cases, "[a] notice of appeal confers jurisdiction on an appellate court to consider only the judgments or parts of judgments specified in the notice." (Emphasis and internal quotation marks omitted.) *Bingham*, 2018 IL 122008, ¶ 16. Specifically, Rule 615(b) permits a reviewing court to "(1) reverse, affirm, or modify the judgment or order from which the appeal is taken; (2) set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken; (3) reduce the degree of the offense of which the appellant was convicted; (4) reduce the punishment imposed by the trial court; or (5) order a new trial." Ill. S. Ct. R. 615(b) (eff. Jan. 1, 1967).

¶ 13    The supreme court determined that the appellate court had not been called on to exercise its delineated powers regarding the defendant's argument that sex offender registration is unconstitutional as applied to him. *Bingham*, 2018 IL 122008, ¶ 17. "The requirement that defendant register as a sex offender is not encompassed within the judgment or any order of the trial court. Thus, defendant's argument did not ask a reviewing court to reverse, affirm, or modify the judgment or order from which the appeal is taken. Nor did it ask to set aside or modify any 'proceedings subsequent to or dependent upon the judgment or order from which the

appeal is taken.' Ill. S. Ct. R. 615(b)(2) (eff. Jan. 1, 1967). The requirement that defendant register as a sex offender cannot be fairly characterized as a 'proceeding.' " *Id.*

¶ 14 Even if, as the defendant contends, the requirement to register is " 'punishment,' " "it would not be 'punishment imposed by the trial court.' " *Id.* ¶ 18. "[A] reviewing court has no power on direct appeal of a criminal conviction to order that defendant be relieved of the obligation to register as a sex offender when there is neither an obligation to register imposed by the trial court nor an order or conviction that the defendant is appealing that is directly related to the obligation or the failure to register." *Id.* "A contrary rule," concluded the unanimous opinion, would open appeals of collateral issues on direct appeal to slew of collateral consequences of criminal convictions that are neither imposed by trial courts nor contained in their judgments. *Id.* ¶ 19. Those consequences would include " 'the loss of the right to vote, disqualification from public benefits, ineligibility to possess firearms, dishonorable discharge from the Armed Forces, and loss of business or professional licenses.' " *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 376 (2010) (Alito, J., concurring, joined by Roberts, C.J.)).

¶ 15 "Allowing defendants to challenge the collateral consequences of a conviction on direct appeal would place a reviewing court in the position of ruling on the validity (or resolving the details) of regulatory programs administered by state agencies and officials that are not parties to the action." *Id.* Instead, the supreme court explained that these kind of constitutional issues involved can be brought before "a reviewing court *** (1) through a direct appeal from a case finding a defendant guilty of violating the regulation he [or she] attempts to challenge as unconstitutional, such as the sex offender registration law (see, *e.g.*, *People v. Minnis*, 2016 IL 119563, ¶¶ 13-17), or (2) by filing a civil suit seeking a declaration of unconstitutionality and relief from the classification as well as the burdens of sex offender registration." *Id.* ¶ 21.

¶ 16      In sum, "because an as-applied constitutional challenge may not be raised where it is litigated for the first time on review, we vacate the portion of the appellate court's judgment that addressed defendant's constitutional claims on the merits." *Id.* ¶ 25.

¶ 17      The trial court's order sentencing Christian to four and a half years in prison does not require him to register as a sex offender under the Registration Act. Thus, as in *Bingham*, Christian's constitutional challenges to the Registration Act are beyond the scope of our power to grant relief under Illinois Supreme Court rule 615(b) (eff. Jan. 1, 1967). We dismiss that portion of the appeal.

¶ 18                              Sentencing Credit

¶ 19      Christian contends, and the State agrees, that, a clerical error on the monetary order should be corrected to indicate that he spent 109 days, not 102 days, in presentencing custody. We agree, and under Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967), direct the clerk of the circuit court to so correct the mittimus.

¶ 20                              Fines and Fees

¶ 21      Christian argues we should correct his fines and fees order to vacate an improperly imposed fee and to apply presentence monetary credit against several assessments that are labeled as fees, but are actually fines.

¶ 22      Christian concedes he did not preserve these issues by raising them to the trial court. See *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) ("It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required."). But, he argues, we may review the issues under plain error or Rule 615(b). The State acknowledges the forfeiture, but agrees that we may review these claims for the first time on appeal. Because the State does not argue Christian forfeited review, the State has

waived arguing forfeiture. See *People v. Reed*, 2016 IL App (1st) 140498, ¶ 13 ("the rules of waiver and forfeiture are also applicable to the State"). While we disagree that plain error or Rule 615(b) provide avenues for review of these forfeited issues (*People v. Grigorov*, 2017 IL App (1st) 143274, ¶ 14; *People v. Griffin*, 2017 IL App (1st) 143800, ¶ 9, *appeal allowed*, No. 122549 (Ill. Nov. 22, 2017)), we will review Christian's claims. We review the propriety of a trial court's imposition of fines and fees *de novo*. *People v. Bryant*, 2016 IL App (1st) 140421, ¶ 22.

¶ 23    The parties agree—and we concur—that the $5 electronic citation fee (705 ILCS 105/27.3e (West 2014)) must be vacated as it applies only to traffic, misdemeanor, municipal ordinance, and conservation violations, and not a felony offense. Under Illinois Supreme Court Rule 615(b)(1) (eff. Jan. 1, 1967), we may modify a fines and fee order without remand. See *People v. McGee*, 2015 IL App (1st) 130367, ¶ 82 (ordering circuit court clerk to correct fines and fees order). We therefore vacate the $5 electronic citation fee.

¶ 24    Christian also contends he is due monetary credit against several other "fees" that are actually "fines." Under section 110-14 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-14 (West 2014)), a defendant is entitled to a credit applied against fines of $5 for each day spent in presentence custody. The credit under section 110-14 can only be applied to offset fines, not fees. *People v. Jones*, 223 Ill. 2d 569, 580 (2006). To decide whether an assessment is a fine or a fee, we consider the nature of the assessment rather than its statutory label. *People v. Graves*, 235 Ill. 2d 244, 250 (2009). Our supreme court has defined a "fine" as "punitive in nature" and "a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense." (Internal quotation marks omitted.) *Id.* (quoting *Jones*, 223 Ill. 2d at 581). A "fee" on the other, is "a charge that 'seeks to recoup expenses incurred by the

state,' or to compensate the state for some expenditure incurred in prosecuting the defendant."

*Id.* (quoting *Jones*, 223 Ill. 2d at 582).

¶ 25      The parties correctly agree that Christian is due full credit for the $15 state police operations fee (705 ILCS 105/27.3a(1.5) (West 2016)). Although this charge is labeled a fee, we have held it to be a fine because it does not compensate the State for expenses incurred in prosecution of a defendant. Accordingly, the charge is subject to offset by the monetary sentencing credit. *People v. Wynn*, 2013 IL App (2d) 120575, ¶¶ 13, 17. Thus, the $15 state police operations assessment must be offset by Christian's presentence custody credit.

¶ 26      Christian also argues he is entitled to presentence custody credit to be applied toward (i) the $190 felony complaint filing fee (705 ILCS 105/27.2a(w)(1)(A) (West 2014)), (ii) the $15 circuit clerk automation fee (*id.* § 27.3a(1)), and (iii) the $15 circuit court clerk document storage fee (*id.* § 27.3c(a)). In considering similar challenges to these assessments, we held they are fees because they are " 'compensatory' " and represent a " 'collateral consequence' " of a defendant's conviction. *People v. Brown*, 2017 IL App (1st) 150146, ¶ 39 (quoting *People v. Tolliver*, 363 Ill. App. 3d 94, 97 (2006)); *People v. Smith*, 2018 IL App (1st) 151402, ¶ 15. Our supreme court recently affirmed that conclusion, finding those assessments are fees and not subject to presentence custody credit. *Clark*, 2018 IL 122495, ¶ 51.

¶ 27      Christian also contends the $25 court service fee (55 ILCS 5/5-1103 (West 2014)) is a fine subject to $5 per day presentence custody credit. We have consistently held that this fee is " 'compensatory and a collateral consequence of defendant's conviction' " and thus, not subject to presentence custody credit. *Smith*, 2018 IL App (1st) 151402, ¶ 15 (quoting *Tolliver*, 363 Ill. App. 3d at 97).

¶ 28      Christian next contends he is entitled to credit against the $2 State's Attorney records automation fee (55 ILCS 5/4-2002.1(c) (West 2014)) and the $2 Public Defender records automation fee (55 ILCS 5/3-4012 (West 2014)). Christian relies on *People v. Camacho*, 2016 IL App (1st) 140604. In *Camacho*, we held that the $2 Public Defender and $2 State's Attorney records automation assessments were fines because (i) the public defender assessment may be imposed against any guilty defendant, regardless of whether or not he or she was represented by the public defender, and (ii) the costs associated with developing and maintaining automated record keeping systems for those offices were not related to the prosecution of a specific defendant. *Id.* ¶¶ 50-51.

¶ 29      In *Clark*, our supreme court overruled *Camacho*, holding that both assessments are fees rather than fines. The court noted that the public defender's office is "vital and necessary part of the criminal justice system" because the "State could not effectively prosecute criminal defendants without the existence of an indigent defense system." *Clark*, 2018 IL 122495, ¶ 21 (citing *Gideon v. Wainwright*, 372 U.S. 335, 345 (1963)). Maintaining that office "is a cost common to all prosecutions, regardless of whether or not a particular defendant has or finds resources to hire private counsel." *Id.* Because the public defender's office is "necessary to every prosecution and automating records is a cost necessary to that office, automating records is a cost 'incurred as the result of prosecuting the defendant.' " *Id.* ¶ 22 (quoting *Graves*, 235 Ill. 2d at 250). Thus, the $2 Public Defender records automation fee is a compensatory fee and not a fine.

¶ 30      The court applied similar reasoning in finding the $2 State's Attorney records automation fee is a fee and not a fine, noting that "[e]very prosecution *** involves the state's attorney and necessarily generates records, which must be automated." *Id.* ¶ 27. "[A]utomating the state's attorney's record keeping system is a cost related to prosecuting defendants, and this charge is a

compensatory fee" not subject to presentence credit. *Id.* Thus, based on *Clark*, Christian is not entitled to presentence custody credit for the $2 State's Attorney and Public Defender records automation fees.

¶ 31 In sum, we vacate the $5 electronic citation and give Christian presentence custody credit for the $15 state police operations fee. We find all other assessments are fees not fines, and therefore are not subject to presentence custody credit. We direct the clerk of the circuit court to correct the fines and fees order accordingly.

¶ 32 Appeal dismissed in part; mittimus corrected; fines and fees order corrected.