2019 IL App (1st) 163163-U

SIXTH DIVISION
December 13, 2019

No. 1-16-3163

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| | ) | Appeal from the |
| | ) | Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | 83 C 7363, 83 C 7364, 83 C 7365, |
| | ) | 83 C 7366, 83 C 7367, 83 C 7368 |
| JAMES COCHRANE, | ) | |
| | ) | Honorable Nicholas Ford, |
| Defendant-Appellant. | ) | Judge Presiding. |
| | ) | |

JUSTICE CONNORS delivered the judgment of the court.
Justices Cunningham and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held:*   Defendant's postconviction constitutional challenges to SORA are dismissed for lack of jurisdiction.

¶ 2    Defendant James Cochrane appeals the summary dismissal of his *pro se* petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)).

¶ 3    On April 10, 1984, defendant pled guilty to the following: rape, deviate sexual assault, aggravated kidnapping, and armed robbery in case number 83 C 736301; rape, aggravated battery, and aggravated kidnapping in case number 83 C 736401; two counts of armed violence

in case number 83 C 736501; rape, deviate sexual assault, and aggravated kidnapping in case number 83 C 736701; and aggravated battery and armed violence in case number 83 C 736801. Defendant was sentenced to an aggregate of 66 years in prison. Defendant did not file a direct appeal.

¶ 4 On May 2, 2016, defendant filed the *pro se* postconviction petition at issue in this appeal. Defendant argued that he was not admonished of his duty to register under the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq*. (West 2014)), and that SORA violated the *ex post facto* clauses of both the United States and Illinois Constitutions. The trial court summarily dismissed the petition, and defendant filed a late notice of appeal which was allowed by this court.

¶ 5 On appeal, defendant contends that the summary dismissal of his postconviction petition was improper where he made the gist of a valid claim that SORA violates the *ex post facto* clauses of the both the United States and Illinois Constitutions, which prohibit the retroactive application of laws inflicting greater punishment than the law in effect at the time a crime was committed. *People v. Fredericks*, 2014 IL App (1st) 122122, ¶ 54. Defendant recognized in his opening brief that *People v. Bingham*, 2018 IL 122008, which raised the same issues, was pending in the Illinois Supreme Court. The State contends that because *Bingham*, which has now been decided, is dipositive of this case, the appeal should be dismissed for lack of jurisdiction. We agree.

¶ 6 In *Bingham*, the defendant was convicted of theft, which was the conviction on direct review, but he had a prior conviction from 1983 for attempted criminal sexual assault. *Id*. ¶ 1. While the defendant was not required to register as a sex offender at the time of the 1983 conviction, later amendments to SORA imposed a registration requirement upon his subsequent

theft conviction. *Id.* ¶ 10. The defendant appealed, challenging the constitutionality of the registration requirement as applied to him on substantive due process grounds and argued that it violated *ex post facto* principles. *Id.* ¶ 14.

¶ 7    Our supreme court found that it lacked jurisdiction to address the defendant's constitutional claims on the merits because "[a] notice of appeal confers jurisdiction on an appellate court to consider only the judgments or parts of judgments specified in the notice." (Emphasis and internal quotation marks omitted). *Id.* ¶ 16. Citing Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967), the court noted that "the scope of appellate review is defined by the trial court's judgment and the proceedings and orders related to it." *Id.* Rule 615(b) states that a reviewing court may:

> "(1) reverse, affirm, or modify the judgment or order from which the appeal is
>
> taken;
>
> (2) set aside, affirm, or modify any or all of the proceedings subsequent to or
>
> dependent upon the judgment or order from which the appeal is taken;
>
> (3) reduce the degree of the offense of which the appellant was convicted;
>
> (4) reduce the punishment imposed by the trial court; or
>
> (5) order a new trial." Ill. S. Ct. R. 615(b) (eff. Jan. 1, 1967).

¶ 8    The court in *Bingham* found that because the requirement to register under SORA was not encompassed within the trial court's judgment of guilt on the theft conviction or any order of the trial court in that proceeding, nor could the requirement that the defendant register be characterized as a "proceeding," the constitutional challenge asked the reviewing court to take action not available to it under Rule 615(b). *Bingham*, 2018 IL 122008, ¶ 17. The court stated:

"[A] reviewing court has no power on direct appeal of a criminal conviction to order that defendant be relieved of the obligation to register as a sex offender when there is neither an obligation to register imposed by the trial court nor an order or conviction that the defendant is appealing that is directly related to the obligation or the failure to register." *Id.* ¶ 18.

¶ 9 The court then specified that challenges to SORA's constitutionality may instead be pursued: (1) on direct appeal in a case finding a defendant guilty of violating a SORA requirement; or (2) by pursuing a constitutional claim in a civil suit. *Id.* ¶ 21.

¶ 10 In the case at bar, neither situation is present. The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). A postconviction action is not an appeal from the judgment of conviction, but is a collateral attack on the trial court proceedings. *People v. Tate*, 2012 IL 112214, ¶ 8.

¶ 11 Because the requirement that a defendant register is not considered a "proceeding," it follows that a collateral attack on the trial court proceedings is an improper method by which to argue a constitutional violation under SORA. See *Bingham*, 2018 IL 1222008, ¶ 17. Here, defendant's postconviction petition did not relate to the conviction or sentence because his obligation to register as a sex offender was not a requirement that was imposed by the trial court or embodied in its judgment; rather it arose by operation of law and was a collateral consequence of his conviction and status as a sex offender. Accordingly, defendant's constitutional challenges to SORA are not properly before this court.

¶ 12     Defendant nevertheless maintains, without citation to authority, that his requirement to register as a sex offender was "unmistakably part of the judgment being appealed in this case." Defendant contends that his obligation to register as a sex offender was directly related to his adjudication for sexual assault. However, this argument has been rejected several times. See *People v. Wells*, 2019 IL App (1st) 163247, ¶¶ 45-52 (finding the defendant's obligation to register as a sex offender was a collateral consequence of his conviction and was not imposed by the trial court); *People v. Christian*, 2019 IL App (1st) 153155, ¶¶ 9-17 (dismissing the defendant's due process and proportionate penalties challenges to SORA that were raised on direct appeal from his aggravated criminal sexual abuse conviction because the sex offender registration requirement was not imposed upon him by the trial court); *People v. McArthur*, 2019 IL App (1st) 150626-B, ¶¶ 42-46 (dismissing the defendant's constitutional challenges to SORA that he raised on direct appeal from his aggravated criminal sexual abuse conviction where the trial court did not impose upon the defendant the obligation to register as a sex offender); and *People v. Denis*, 2018 IL App (1st) 151892, ¶¶ 96-100 (finding a lack of jurisdiction to consider the defendant's constitutional challenges to SORA on direct appeal from his criminal abuse and aggravated criminal sexual assault convictions because his obligation to register as a sex offender was a collateral consequence of his convictions).  Accordingly, we dismiss this appeal for lack of jurisdiction.

¶ 13     Dismissed for lack of jurisdiction.